## L. H. BONDS v. JACK GREER ET AL.

1. TAXES. *Redemption of land sold to individuals. Act of 1876.*

The Revenue Act of 1876 was intended to provide a complete revenue system; and it was constructed on the plan of denying the right of redemption of lands sold for taxes, but making lands so sold and purchased by the State subject to entry immediately after the sale, with a preferred right in the owner, or any one interested therein, for twelve months after the sale. It contains no

provision for the redemption of lands sold to individuals, except the latter clause of sect. 48, which, following provisions for the redemption of lands sold to the State, declared "that the owner, or any one interested in such lands so purchased by the State, shall have the right, in preference to all other persons, to enter said lands, for the period of twelve months after the date of the sale of the same to the State, or to an individual or individuals." The words "or to an individual or individuals" are out of place and incongruous, but it is clear that they were intended to secure to the owner, or other person interested, the right to redeem his land sold for taxes and purchased by an individual, within twelve months after the date of the sale. If any meaning can be ascribed to these words, they should not be rejected; but unless they have the meaning above indicated, they are senseless and absurd.

2. STATUTE. *Construction thereof. Letter and intent.*
In construing a statute, the intent of the law-maker is to be looked for in the words employed in the act; and when the intent is discovered unmistakably from the words employed by the law-maker, however awkwardly it may be expressed, it should be effected. What is within the intention is within the statute, though not within the letter, and *e converso.*

APPEAL from the Chancery Court of Clay County.

Hon. L. BRAME, Chancellor.

On the 4th of December, 1877, the appellees filed a bill in chancery for the purpose of enforcing their alleged right to redeem a certain tract of land sold on the second day of January, 1877, for the taxes of 1876, and purchased at such sale by the appellees. In their bill, the complainants made a tender of a sum of money sufficient to redeem the land, and paid the money into court. The defendant answered. Proof was taken by both sides; and, upon final hearing, the court rendered a decree reciting that the complainants were entitled to redeem the land from the defendant at the time of the filing of the bill, and that previous thereto they had offered to redeem the same from the defendant by paying him the amount of his costs and expenses in the purchase thereof, with interest thereon, if he would release to them his title on the land; ordering the defendant to execute a release and quitclaim of his title to the land to the complainants; directing the clerk to pay the defendant, out of the money deposited with him by the complainants, the sum therein found to have been expended by him in the purchase of the land, with two

and one-half per cent interest per month; taxing the complainants with the cost of filing the bill, the issuance, service, and return of the summons, and the cost of the execution of the release ordered to be made by the defendant; and taxing all the other costs of the case to the defendant. From this decree the defendant appealed..

The Revenue Act of 1876, under which the land in controversy was sold for taxes, contains but one section having any reference to the redemption of lands to be sold under its provisions, which section is as follows:—

"Sect. 48. *Be it further enacted,* That after the day of sale of any lands for taxes, the same shall vest absolutely in the purchasers thereof, their heirs and assigns, and in the State, when sold to it; that the chancery clerk shall record, in the record-book of deeds, the list of lands purchased by the State, and shall transmit a copy of such recorded list to the auditor of public accounts; that all such lands purchased by the State shall, immediately after the sale, be subject to entry in the manner following:  *  *  *  That the owner, or any one interested in such lands so purchased by the State, shall have the right, in preference to all other persons, to enter said lands, for the period of twelve months after the date of the sale of the same to the State, or to an individual or individuals, on the payment of all taxes, costs, and fees, and interest thereon at the rate of two and a half per cent per month from the day of sale.'"

*F. A. Critz,* for the appellant.

1. Although statutes of redemption are to be favorably regarded, it must be remembered that the right to redeem comes from the statute exclusively, and is to be asserted only in the cases and under the circumstances there prescribed. Cooley on Tax. 364; 21 Ark. 319. The act of April 15, 1876, makes no provision for the redemption of land bought by individuals at sales for taxes; but, on the contrary, makes the deed absolute from the day of sale. Acts 1876, p. 151, sect. 43; p. 153, sect. 48. This statute, which was a complete revision of the revenue laws, repealed all preëxisting statutes in relation to the redemption of lands sold for taxes. Acts 1876, p. 165, sect. 80.

The words " or to an individual or individuals," used in the conclusion of sect. 48 of the act of 1876, are interpolations, and cannot be so construed as to give them sense or meaning. The first part of the clause in which the words quoted are used refers expressly to " such lands so purchased by the State," and thus cuts off the right of redemption in case of sales to individuals. The word " entry," used in this connection, can only have reference to lands sold to the State. We cannot resort to the journals of the Legislature for evidence of the legislative intent. 5 Smed. & M. 491. Sect. 46 of the act shows that lands bought by individuals are to be treated as their absolute property from and after the day of sale. It provides that " the taxes thereon for all succeeding years shall be charged to such purchaser, or his assigns, and collected of him or them, and such land shall be liable to be sold for the taxes of such purchaser, or his assigns." It is liable to be sold for the purchaser's general taxes, and any of his other property is liable to be sold for the taxes that accrue on such land.

2. It is not equitable to tax the appellant with the costs of this proceeding. It is a universal rule, to require the delinquent tax-payer to bear the expenses incurred in the process of redemption. And if there be a right of redemption here, the statute fails to prescribe the manner, and thus forces a resort to the Chancery Court. Hence this proceeding is but the *process* of redemption. Blackw. on Tax Titles, 491, 492; 2 Hamm. 504.

*Fred. Beall*, for the appellees.

Statutes which give the right of redemption are to be regarded favorably and constructed liberally. Cooley on Tax. 363, 364; Blackw. on Tax Titles (3d ed.), 430. The latter part of sect. 48 of the Revenue Act of 1876 is so worded as to leave much doubt as to its meaning; but when we apply the appropriate principles of construction, the uncertainty is resolved in favor of the right of redemption of land purchased by an individual at a sale for taxes.

By reference to the journals of the Legislature, the intention of this act is made perfectly clear. The bill as introduced into the Senate, where it originated, gave no right of redemption in any case. But the Senate instructed the committee having it in charge, to bring in an amendment giving the right of redemption from the State. In response to the instruction, the committee offered an amendment, to be added at the close of sect. 48, in these words: "That the owner, or any one interested in such lands so purchased by the State, shall have the right, in preference to all other persons, to enter said lands, for the period of six [changed to twelve] months after the date of the sale of the same to the State." The Senate then made a further amendment by adding to the committee's amendment the words, "or to an individual or individuals." Both amendments were adopted; and as thus amended, the sections became a law. The plan of the committee that prepared the bill was, to give no right of redemption; the purpose of the first amendment to sect. 48 was, to give the right of redemption only from the State; but the intention of the second amendment was, to provide the right of redemption, whether the land was sold to the State "or to an individual or individuals." The bill was introduced on the 10th of April, and the Legislature was to adjourn, and did adjourn, on the 15th of the same month. There was no time for re-drafting long bills, or even long sections; so the Senate resorted to tacking on the amendments, one after the other. Hence the obscurity in which the latter part of sect. 48 is involved.

The complainants were "interested" in the land in controversy, and therefore had the right to redeem. Revenue Act 1876, sect. 48; Cooley on Tax. 366.

CAMPBELL, J., delivered the opinion of the court.

If the owner, or person interested in land sold for taxes, and purchased by an individual, under the act in relation to public revenue approved April 15, 1876, was entitled to redeem the land, this decree must be affirmed.

The practice of the State has been, generally, to allow the owner of land sold for taxes to redeem it within a prescribed time after the sale, upon terms.   This right is secured by the Code of 1871, sect. 1701.

The revenue law of April 5, 1872 (Acts 1872, p. 1, sect. 8), denied the right to redeem, except to certain classes of persons, to whom it was secured by the proviso to that section.   This remained unchanged until the act of December 22, 1874 (Acts, p. 14), which repealed the first eight sections of the said act of April 5, 1872, and revived art. 9 of the Code, which embraces sect. 1701, except as to the time of advertising and selling land for taxes.   The act of March 1, 1875 (Sess. Acts, p. 11, sect. 13), secured the right of redemption.

The act of April 15, 1876 (Sess. Acts, p. 129), was intended to be a complete act in itself, and, with the enumerated sections of the Code it expressly enacts as a part of it, to constitute the revenue law of the State.   It is manifest that this act was constructed on the plan of denying the right of redemption of land sold for taxes, but to make lands so sold, and purchased by the State, subject to entry immediately after the sale, with a preferred right in the owner, or any one interested in such lands, to enter them within twelve months after the date of the sale, and afterwards to be subject to entry by others.

The provision for the exercise of the right to enter the lands, as contained in sect. 48 of the act, has relation only to such lands purchased by the State.   There is no hint of the right to redeem or enter land purchased by an individual, except as contained in the last clause of sect. 48, by which is secured to the owner, or any one interested, the preferred right "to enter said lands, for the period of twelve months after the date of the sale of the same to the State or to an individual or individuals," etc.

The question is, What meaning is to be given to the words, "or to an individual or individuals"?   Undoubtedly the "lands" referred to in sect. 48 are "lands purchased by the

State," and manifestly the words " or to an individual or individuals," are out of place and incongruous ; but surely they were interpolated for some purpose, and a meaning should be found for them and applied to them, if it can be done. It is a truism, that the *intent* of the law-maker is to be looked for in the words employed in an act, and when the intent is discovered unmistakably from the words employed by the law-maker, however awkwardly it may be expressed, it should be effected. It is said, that what is within the intention is within the statute, though not within the letter, and *e converso.*

It is impossible to escape the conviction that the words " or to an individual or individuals," although in the wrong place for them, were inserted for the purpose of securing to the owner, or person interested, the right to enter (redeem) his land, which had been sold for taxes, and purchased by an individual, within twelve months after the date of the sale. We do not see what else these words were used for ; and if they have not this meaning, they are senseless and absurd.

They should not be rejected, if meaning can be ascribed to them. Certainly they were used to enlarge in some way the right of the owner, or other person interested, to secure, upon the terms prescribed, the land he owned or was interested in, within twelve months after the date of its sale. The words have relation to the *date* of the sale to the State or individuals, it is true, but if only land purchased by the State was to be subject to this preferred right of the owner, or person interested, to enter it in twelve months, why mention the date of the sale to individuals? Land purchased by the State was to be subject to entry only by the owner, or other person interested, for twelve months. It was not to be entered within twelve months by others. If, therefore, it was entered within twelve months, it was by the owner, or other person interested, and was not again subject to entry. Therefore the words " or to an individual or individuals " have no meaning as applied to lands purchased by the State, and are satisfied only by applying them to lands purchased by individuals.

The only other plausible meaning to be ascribed to the words " or to an individual or individuals " which has suggested itself to our minds is, that they were inserted to secure the right of the owner, or other person interested, to redeem the land within twelve months after the date of the sale to the State, or within that time after the sale of it by the State to an individual.  Under this view, the State might have sold the land it purchased, to any one, immediately after its purchase, and the purchaser from the State, who was not the owner, or other person interested in the land, would hold it subject to the right of the owner, or person interested, to redeem it within twelve months after the date of the sale by the State to him.

The insuperable objection to this theory is, that it might produce results so extraordinary as to forbid the thought that any such purpose was entertained by the law-makers in passing this act.   This view would entitle the owner, or other person interested in the land, to purchase it from the purchaser from the State, even though years might elapse before such other would purchase it from the State; for it would thereby immediately become subject to the preferred right of the owner, or other person interested, to redeem it from such purchaser, at any time within twelve months from the date of the sale to such individual.   This would be to secure the right of redemption to the owner, or other person interested, not only as against the State for twelve months, but from individuals, its vendees of such lands, afterwards; thus favoring the owner, or other person interested, as to lands purchased by the State, while, under this theory, no regard whatever was had for the interest of owners or persons interested in lands not purchased by the State, but by individuals.   As to them, there was no right of redemption or purchase in the owner, or other person interested.   Such land was forever gone from them, in favor of an individual who purchased at the sale for taxes; while the individual who should purchase from the State land it purchased and held for years, would hold it subject to redemption

at any time within twelve months after the date of the sale by the State.

Another difficulty, in this view, is the language used in the latter clause of sect. 48, — *i.e.*, " after the date of the *sale* of the same to the State or an individual," etc. The term " sale " refers to the sale of the land by the tax-collector. This term is not employed by the act in reference to a disposition of such land by the State, but such land is to " be subject to entry ; " and in the particular clause under consideration, the right of the owner, or other person interested, is to " *enter* " said lands.

If it be doubtful whether the right is secured to the owner, or other person interested in lands sold for taxes, to redeem them, the doubt should be resolved in favor of the right.

We are satisfied it was the intent of the Legislature, as deduced from the language employed in the latter clause of sect. 48, above considered, to secure the right to redeem lands sold for taxes and purchased by individuals, within twelve months after the date of such sale.

Decree affirmed.