GAMBRILL, et al. *v.* GULF STATES CREOSOTING Co., et al.

Feb. 9, 1953

No. 38513 19 Adv. S. 15 62 So. 2d 772

*W. E. McIntyre, Jr.,* for appellants.

*Hannah, Simrall & Aultman* and *Byrd, Ricketts & Wise,* for appellees.

ARRINGTON, J.

The appellee, complainant below, filed its bill of complaint in the Chancery Court of Rankin County on November 29, 1950, seeking to have declared null and void

a proclamation issued by the Governor of the State of Mississippi on November 17, 1950, incorporating the Town of Flowood in Rankin County. In the proclamation, the Governor also appointed the officers of the municipality: a mayor, town marshal, town clerk, and a board of aldermen, and said officers were named defendants in the court below. The bill of complaint charged that the Governor's proclamation incorporating the Town of Flowood was null and void under Section 3393 of the Mississippi Code of 1942, because there were objections filed by the opponents and that by reason of the said objections, the Governor was without authority to incorporate the municipality. The bill further charged that if the said Sec. 3393 be interpreted as vesting the Governor with the authority, that said section was unconstitutional and violated Sec. 88 of the Miss. Constitution of 1890, and the due process clauses of the Mississippi Constitution and the Constitution of the United States. The bill also charged that by reason of the invalidity of the incorporation of said municipality, the officers named were without authority to act and perform any of the functions of their office, and that they should be temporarily and permanently enjoined. A general demurrer was filed to the bill, which was overruled, and an appeal was allowed for the purpose of settling the principles of the case.

The first contention argued by the appellees is that Sec. 3393, Code of 1942, is not applicable for the reason that said section was repealed by Chap. 491, Laws of 1950, which act became effective on July 1, 1950; that the proclamation of the Governor bearing the date of November 17, 1950, was of no effect since the section had been repealed and the authority for establishing municipalities was vested in the chancery court. Sec. 33, Chap. 491, Laws of 1950, contains a repealing clause which provides:

"That sections 3374 to 3395, inclusive, Mississippi Code of 1942, chapter 207, laws of 1944, and chapter

37-7, laws of 1946, be and the same are hereby repealed, provided that such repeal shall not affect or vacate any pending procedure for the creation, enlargement, contraction or abolition of any municipality, and any such pending procedures shall be prosecuted to conclusion under the laws heretofore existing and hereby repealed.''

The appellee contends that for Sec. 3393, Code of 1942, to have been applicable it was necessary for the record to show that the petition for the incorporation was a pending matter within the meaning of the saving clause. Counsel for the appellee and the appellant entered into an agreement and stipulation that ''. . . a true and exact copy of the proclamation of the Governor of the State of Mississippi purporting to incorporate the municipality of Flowood, Rankin County, and also a true and exact copy of the protest filed by Gulf States Creosoting Company. . ., may be included in and made a part of the record in this cause on appeal to the Supreme Court of the State of Mississippi . . .''

The proclamation of the Governor recites that the petition was presented to him on June 1, 1950. The petition of the opponents to the incorporation of the municipality bears the date of May, 1950.

The second contention of the appellee is that if Sec. 3393 of the Miss. Code of 1942 is applicable, the demurrer of the appellants admits facts fatal to the appellants. This argument is based on the fact that the bill of complaint charged that objections were filed with the Governor against granting the petition for the proposed incorporation of the municipality. Sec. 3393 reads as follows:

''Whenever the inhabitants of any unincorporated city, town or village desires to be incorporated, they shall prepare a petition addressed to the governor, stating their aims and setting out clearly and accurately the metes and bounds thereof, and the number of inhabitants and the amount of the assessed value of the real property therein, and the corporate name which they desire,

and shall name in said petition the persons whom they desire shall be appointed municipal officers. Said petition shall be signed by two-thirds of the qualified electors of the proposed municipality and shall be published in a newspaper printed and published in the proposed municipality for three weeks, and if there be no newspaper printed or published therein then in one that has circulation therein and in both cases by posting in three or more public places therein for three weeks. Said petition, with the proof of publication and posting shall be presented to the governor and *if there be no objection filed with him against granting the prayer of the petition* and if the petition show there are one hundred or more inhabitants residing within the proposed municipality he shall classify the corporation as a village, town or city according to law, and shall issue his proclamation declaring the city, village or town incorporated and he shall define the metes and bounds thereof, as set out in the petition and shall appoint the municipal officers recommended in said petition and said proclamation shall be filed in the office of the secretary of state and remain a record thereof." (Italics ours.)

The appellee contends that under the statute that if there be an objection filed with the governor against granting the prayer of the petition that the governor is without power to act. ▆▆▆ There is no contention made that the petition did not comply with all of the requirements of the statute, the only question being that since there were objections the governor was without power to act and that the proclamation as a result was void and of no effect.

Appellee argues that since Sec. 3312, Code of 1906, contemplated the filing of objections and further provided that ". . . the governor shall hear and determine all objections according to law and right . . .;" that it was the duty of the governor to hear and determine objections but that this power was taken away or withheld from the governor by Chapter 244, Laws of

1914, which amended Sec. 3312 of the Code of 1906, by leaving out the following: "The governor shall hear and determine all objections according to law and right; but no proclamation shall be issued granting the charter to any unincorporated territory whose nearest boundary line shall be within one mile of an existing city or town, but this shall not apply when the new proposed municipality is separated from the existing city or town by a navigable stream."

The appellee contends that as a result of this amendment the governor was without the power to hear and determine objections, and "that the governor could act only in those instances where no objections were registered. This statute (3393) which remained the law until July 1, 1950, clearly constitutes an objection to be an absolute veto to the power of the governor to act." We do not agree with this interpretation. The objection, of course, means a valid objection setting out that one or more of the requirements of the statute were not complied with. In the case of Zeigler v. Zeigler, 174 Miss. 302, 164 So. 768, the Court said:

"In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this to adopt that interpretation which will meet the real meaning, though such interpretation may be beyond or within, wider or narrower, than the mere letter of the statute. Unthought of results must be avoided if possible, especially if injustice follows, and unwise purpose will not be imputed to the Legislature when a reasonable construction is possible. Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 392; Leaf Hotel Corporation v. City of Hattiesburg, 168 Miss. 304, 150 So. 779; Canal Bank and Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127; City of Holly Springs v. Marshall County, 104 Miss. 752, 61 So. 703; Gunter v. City of Jackson, 130 Miss. 637, 94 So. 844; Huber v. Freret, 138 Miss. 238, 103 So. 3."

In the case of Beard v. Stanley, 205 Miss. 723, 39 So. 2d 317, in a discussion on the construction of statutes, the Court said: "The court in construing a statute must seek the intention of the Legislature, and, knowing it, must adopt that interpretation which will meet the real meaning of the Legislature. Rawlings v. Ladner, 174 Miss. 611, 165 So. 427; Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. ( N. S.) 541, Ann. Cas. 1914B, 392. . . . It has long been a rule in this State, for the construction of statutes, that what is within the intention is within the meaning of a statute, although not within its letter. Gunter v. City of Jackson, 130 Miss. 637, 94 So. 844; Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A., N. S. 541, Ann. Cas. 1914B, 392; Learned v. Corley, 43 Miss. 687; Bonds v. Greer, 56 Miss. 710; Adams v. Yazoo & M. V. R. Co., 75 Miss. 275, 22 So. 824; Hendrix v. Foote, supra. Furthermore, the court, in construing a statute, will not impute an unjust or unwise purpose to the Legislature when any other reasonable construction can save it from such imputation. Dunn v. Clinghan, 93 Miss. 310, 47 So. 503; Gunter v. City of Jackson, supra; Hendrix v. Foote, supra."

The final contention argued is that Sec. 3393 violates Sec. 88 of the Miss. Constitution, which is as follows: "The legislature shall pass general laws, under which local and private interests shall be provided for and protected, and under which cities and towns may be chartered and their charters amended, and under which corporations may be created, organized, and their acts of incorporation altered; and all such laws shall be subject to repeal or amendment."

The first statute passed under this provision of the Constitution was Sec. 2921 of the Code of 1892. The court, in the case of Jackson v. Whiting, 84 Miss. 163, 36 So. 611, said: "It is first contended by appellant that Sec. 2921 is unconstitutional, in that it submits to the decision and discretion of the executive department of the state questions which properly belong to the legisla-

tive, a co-ordinate branch of government. Without elaborating our views in this regard, or attempting to reply in detail to the ingenious and plausible arguments made, we simply announce as our conclusion that the law is not violative of any of the provisions or of the true intent of the constitution of the state. Sec. 88 of the Constitution of 1890 directs that the legislature 'shall pass general laws, . . . under which cities and towns may be chartered and their charters amended, and all such laws shall be subject to repeal or amendment.' In considering a kindred question we have recently decided that Sec. 88 of the constitution was a command to the legislature to devise some general plan of easy operation under which municipalities might be chartered, or their charters amended so as to render resort to the lawmaking power in each instance unnecessary. Yazoo City v. Lightcap, 82 Miss. 148, 33 So. 949; Adams v. Kuykendall, 83 Miss. 571, 35 So. 830. We think Sec. 2921 a valid step taken by the legislature in obedience to the mandate placed upon it by the section cited.''

It is true that this section has been amended a number of times, but the purpose of the section is to incorporate municipalities. We are of the opinion that this section is not violative of the due process clauses of the Mississippi Constitution and the Constitution of the United States, therefore, the court below erred in overruling the demurrer. The demurrer should have been sustained.

Reversed and remanded.

*Roberds P. J.,* and *Lotterhos, Kyle,* and *Ethridge, JJ.,* concur.