# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00630-SCT

*JANICE CALDWELL AND HUSBAND, ROBERT
C. CALDWELL*

*v.*

*NORTH MISSISSIPPI MEDICAL CENTER, INC.
AND ELIZABETH BROWN, EXECUTRIX OF THE
ESTATE OF ALAN PAUL BROWN, M.D.,
DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2006 |
| TRIAL JUDGE: | HON. SHARION R. AYCOCK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JOHN H. COCKE |
| ATTORNEYS FOR APPELLEES: | JOHN G. WHEELER |
| | WILLIAM DANIEL PRESTAGE |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 05/24/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

## FACTUAL AND PROCEDURAL HISTORY

¶1.     On May 5, 2005, Janice Caldwell and Robert C. Caldwell, collectively, "the

Caldwells," filed suit against North Mississippi Medical Center, Inc., (NMMC) and Alan

Paul Brown, M.D., (Dr. Brown), collectively, "the Defendants," alleging medical

malpractice.[1]  The Defendants filed their joint answer and defenses on June 9, 2005.  One of the affirmative defenses alleged  that the Caldwells failed to state a claim upon which relief could be granted due to their failure to comply with Miss. Code Ann. § 11-1-58 (Supp. 2006).  After filing his answer and defenses, Dr. Brown died.

¶2.     On August 12, 2005, the Caldwells filed a motion for substitution to replace Dr. Brown as the defendant and substitute the Estate of Alan Paul Brown, M.D., Deceased (the Estate) as the defendant.  On September 12, 2005, the trial court granted the substitution of the Estate in place of Dr. Brown.  The Caldwells filed an expert disclosure in lieu of certificate of counsel on September 15, 2005.

¶3.     On October 12, 2005, the Caldwells filed an amended complaint substituting the Estate for Dr. Brown.  However, neither a certificate executed by the attorney for the plaintiff nor an expert disclosure in lieu of certificate of counsel accompanied the amended complaint filed against NMMC and the Estate.  NMMC and the Estate then filed an amended joint answer and defenses to the amended complaint. Among the defenses raised, NMMC and the Estate, now substituted for Dr. Brown, raised the affirmative defense that the Caldwells had failed to comply with Miss. Code Ann. § 11-1-58 (Supp. 2006).

---

[1] Based on the allegations taken straight from the Caldwells' compliant, Janice went to the emergency room at NMMC because of back pain and flank pain.  Janice was diagnosed with kidney stones and a urinalysis showed a kidney infection.  Janice was discharged by Dr. Brown with pain medicine but no antibiotics. Janice returned the next day and was diagnosed as being uro-septic and admitted into the hospital.  Janice underwent surgery, was given antibiotics, and was placed on a ventilator for a long period of time.

2

¶4. On December 28, 2005, the Defendants filed a joint motion to dismiss for the Caldwells' failure to comply with Miss. Code Ann. § 11-1-58. On March 10, 2006, the trial court conducted a hearing on the motion to dismiss. Following its bench ruling, the court entered its detailed order of dismissal without prejudice on March 21, 2006.

¶5. The Caldwells now appeal to this Court raising the following assignment of error: whether the trial court erred in granting the motion to dismiss the Defendants.

**ANALYSIS**

¶6. On appeal, the Caldwells contend that the trial court erred by granting NMMC's motion to dismiss for the Caldwells' failure to strictly comply with the statutory requirements of Miss. Code Ann. § 11-1-58. The Caldwells assert the error was corrected before NMMC filed its motion to dismiss, thereby substantially complying with the requirements of Miss. Code Ann. § 11-1-58. This Court reviews a trial court's decision to grant or deny a motion for summary judgment or a motion to dismiss under a de novo standard. *Monsanto v. Hall*, 912 So. 2d 134, 136 (Miss. 2005).

¶7. To address the Caldwells' assignment of error, we must examine the application and operation of Miss. Code Ann. § 11-1-58, which was effective on and after January 1, 2003, as to all causes of action filed on or after that date. The Caldwells' action was filed on May 5, 2005, for alleged injuries received in August 2003, so it is governed by that statute.

¶8. Miss. Code Ann. § 11-1-58(1)(a) (Supp. 2006) provides:

> (1) In **any action** against a licensed physician, health care provider or health care practitioner for **injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is**

3

**otherwise required by law**, the *complaint shall be accompanied by a certificate executed by the attorney for the plaintiff* declaring that:

> (a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; . . . .

(Emphasis added).

¶9.     Miss. Code Ann. § 11-1-58(1)(b) requires that the suit be dismissed for failure to comply with these mandatory requirements unless the attorney for the plaintiff declares:

> **The attorney was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by Section 15-1-36** would bar the action and that the consultation could not reasonably be obtained before such time expired. A certificate executed pursuant to this paragraph (b) **shall be supplemented by a certificate of consultation pursuant to paragraph (a)** *or (c) within sixty (60) days after service of the complaint* **or the suit shall be dismissed**;

(Emphasis added).

¶10.    "The phrase 'intent of the Legislature,' is often used when what is really meant is 'intent of the statute.'" *Pope v. Brock*, 912 So. 2d 935, 937 (Miss. 2005). When construing the meaning of a statute, we must look at the words of the statute. *Pinkton v. State*, 481 So. 2d 306, 309 (Miss. 1985). "In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this, to adopt that interpretation which will meet the real meaning, though such interpretation may be beyond or within, wider or

4

narrower, than the mere letter of the statute." ***Gambrill v. Gulf States Creosoting Co.***, 216 Miss. 505, 62 So. 2d 772, 775 (1953); *see **Miss. Casino Operators Ass'n v. Miss. Gaming Comm'n***, 654 So. 2d 892, 894 (Miss. 1995). As such, "our duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." ***Pope***, 912 So. 2d at 937.

¶11. In the original complaint filed by the Caldwells on May 5, 2005, NMMC and Dr. Brown were named as defendants. NMMC and Dr. Brown filed their joint answer on June 9, 2005, raising various defenses. Among the various defenses raised, NMMC and Dr. Brown specifically raised the following in the second defense:

> The plaintiffs failed to comply with the requirements of MISS. CODE ANN. § 15-1-36(15) (1972, as amended) and **§ 11-1-58 (2002)**, and thus, the Complaint **fails to state a claim upon which relief can be granted** and should be dismissed with prejudice.

¶12. Dr. Brown died on June 9, 2005. On August 12, 2005, the Caldwells filed a motion for substitution to replace Dr. Brown as the named defendant and substitute Dr. Brown's Estate as the defendant. The amended complaint substituting the "Estate of Alan Paul Brown, M.D., Deceased for the Defendant, Alan Paul Brown, M.D.," was filed on October 12, 2005. The trial court granted the motion to substitute the Estate for the late Dr. Brown on September 12, 2005.[2]

---

[2] The order granting the substitution was signed by Circuit Court Judge Sharion Aycock on September 9, 2005, but the order was not processed and filed until September 12, 2005.

5

¶13.   The Caldwells filed an expert disclosure in lieu of certificate of counsel on September 15, 2005.  However, clearly this was neither filed by the Caldwells when the original complaint was filed on May 5, 2005, as required by Miss. Code Ann. § 11-1-58(1), nor was it filed within 60 days of serving the complaint as alternatively required by Miss. Code Ann. § 11-1-58(1)(b).  Further, the amended complaint did not attach a certificate executed by the attorney for the plaintiff or an expert disclosure in lieu of certificate of counsel when it was filed.  The Caldwells ask this Court to find that they substantially complied with Miss. Code Ann. § 11-1-58 by untimely filing the expert disclosure in lieu of certificate of counsel before they filed the amended compliant.  The Caldwells' argument is seriously flawed.

¶14.   First, this Court has held that we apply strict compliance in examining whether the requirements of Miss. Code Ann. § 11-1-58(1) were satisfied.  *Walker v. Whitfield Nursing Ctr., Inc.*, 931 So. 2d 583, 588-89 (Miss. 2006).  In *Walker*, this Court rejected Walker's request that this Court find that she substantially complied with the mandatory requirements of Miss. Code Ann. 11-1-58(1).  *Id*. at 589.  The Court further stated:

> In *University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815, 2006 Miss. LEXIS 177, 2006 WL 871302 *5 (Miss. 2006), this Court adopted strict compliance as to the ninety-day notice requirement under Miss. Code Ann. § 11-46-11(1).  While *Easterling's* holding is specifically limited to the ninety-day notice requirement under Miss. Code Ann. § 11-46-11(1), this Court has clearly indicated that when reviewing statutory requirements, this Court will examine the record to determine compliance or non-compliance.  Clearly, Walker did not comply with the mandatory prerequisites of Miss. Code Ann. § 11-1-58(1)(a) when she filed her suit.

*Walker*, 931 So. 2d at 589.

6

¶15.    Second, the Caldwells' position that the amended complaint substantially complied with Miss. Code Ann. § 11-1-58 because of the expert disclosure in lieu of certificate of counsel filed on September 15, 2005, is also flawed.  Neither a certificate executed by the attorney for the plaintiff nor an expert disclosure in lieu of certificate of counsel was attached to the amended complaint when filed as required under Miss. Code Ann. § 11-1-58.[3]

¶16.    In the joint amended answer of NMMC and the Estate, filed on October 18, 2005,[4] they raised as their second defense the following:

> The plaintiffs have failed to comply with the requirements of MISS. CODE ANN. § 15-1-36(15) (1972, as amended) and § 11-1-58 (2002), and thus, the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

¶17.    Third, the Estate was substituted in place of the deceased Dr. Brown to allow the action to after Dr. Brown's death.  *See* M.R.C.P. 25(a)(1).[5]  Dr. Brown originally had raised

---

[3] Today we do not address whether Miss. Code Ann. § 11-1-58 requires compliance when an amended complaint is filed where the original complaint satisfied the attachment requirements of Miss. Code Ann. § 11-1-58.  Here, we do not have to reach that question because the Plaintiff did not satisfy the requirements of Miss. Code Ann. § 11-1-58 when the original complaint was filed.  The Plaintiff failed to attach either a certificate executed by the attorney for the plaintiff to the original complaint or an expert disclosure in lieu of certificate of counsel.  The substitution of the Estate for the deceased Dr. Brown merely substituted the Estate in the place of the deceased Defendant, Dr. Brown, and his affirmative defenses previously asserted in the original answer.

[4] NMMC, which was named in both the original complaint and the amended complaint, raised the affirmative defense of failure to comply with Miss. Code Ann. § 11-1-58 in both its original and amended answers and defenses.

[5] The comments to M.R.C.P. 25 make clear that M.R.C.P. 25 only applies to allow substitution in the event of death, incompetency, transfer of interest, or public officers' succession in office.  *See* cmts. M.R.C.P. 25.

7

the affirmative defense that the Caldwells failed to state a claim upon which relief could be granted due to their failure to comply with Miss. Code Ann. § 11-1-58 in his answer and defenses. The Estate reasserted this defense in its answer to the amended complaint.

¶18. Also, a review of the record reveals that the Caldwells appear to have failed to act upon information contained in the Defendants' answer and defenses informing them that the requirements of Miss. Code Ann. § 11-1-58 had not been met. As stated before, NMMC and Dr. Brown had detailed in their answer and defenses filed on June 9, 2005, that the Caldwells' complaint failed to comply with the prerequisites of Miss. Code Ann. § 11-1-58. The certificate of service attached to the Defendants' answer and defenses indicates that the answer and defenses were mailed to the Caldwells' attorney on June 8, 2005. Therefore, the Defendants put the Caldwells on notice in their answer that Miss. Code Ann. § 11-1-58 had not been complied with in filing the complaint. The answer was mailed to the Caldwells' counsel and filed with the circuit clerk before the sixty-day deadline after service of the complaint allowed under Miss. Code Ann. § 11-1-58(b) had expired.[6]

¶19. Finally, the Caldwells argue on appeal that Miss. Code Ann. § 11-1-58(7) does not contain any specific time requirements as contained in Miss. Code Ann. § 11-1-58(1). The Caldwells contend that since they filed an expert disclosure in lieu of certificate of counsel as provided in Miss. Code Ann. § 11-1-58(7) on September 15, 2005, months after the

---

[6] While the summons and returns were not made a part of the record by the parties, the circuit clerk's docket states that NMMC (on Bruce J. Toppin) was served on May 9, 2005, and Dr. Brown (on Alan Paul Brown) was served on May 12, 2005. Both the returns were filed with the circuit clerk on May 18, 2005.

8

complaint was filed on May 5, 2005, they are not bound by any time restrictions as contained in Miss. Code Ann. § 11-1-58(1).

¶20.    While Miss. Code Ann. § 11-1-58(7) allows the expert's information, e.g., written report or records, to be substituted in lieu of a certificate of compliance from the attorney, it does not alleviate the requirement of furnishing the expert's information as required under Miss. Code Ann. § 11-1-58(1). *Walker*, 931 So. 2d at 589-90. Specifically, Miss. Code Ann. § 11-1-58(7) (Supp. 2006) provides:

> The plaintiff, **in lieu of serving a certificate required by this section**, may provide the defendant or defendants with **expert information in the form required by the Mississippi Rules of Civil Procedure**. Nothing in this section requires the disclosure of any "consulting" or non[-]trial expert, except as expressly stated herein.

¶21.    The Court stated that "the mandatory time requirement for furnishing the expert's information provided under Miss. Code Ann. § 11-1-58(1)(a) and (b)" applies. *Walker*, 931 So. 2d at 589. This Court specifically rejected the same argument as the Caldwells' in *Walker*, holding:

> Unlike sub-section (1), sub-section (7) does not specify when the expert's information or report must be supplied by the plaintiff. However, sub-section (7) specifically references the certificate requirement of sub-section (1), and sub-section (7) only provides that the expert's information could be furnished in lieu of the plaintiff's attorney having to file a certificate. Miss. Code Ann. § 11-1-58(1), which was adopted effective January 1, 2003, by the Legislature as a part of tort reform legislation, specifically provides in sub-section (1) that in cases against a licensed physician, health care provider, or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical, or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff.

9

This Court applies the plain meaning of the statute when the statute is not ambiguous. *Claypool v. Mladineo*, 724 So. 2d 373, 382 (Miss. 1998). Here, a literal reading of Miss. Code Ann. § 11-1-58, provides that the stated purpose of sub-section (7) can reasonably be construed to provide an alternative to furnishing a certificate of expert consultation by the plaintiff's attorney. However, the statute does not alter the time requirement stated under sub-section (1) for furnishing the expert's information. Therefore, the time for compliance as stated in sub-section (1) applies to sub-section (7).

For this Court to conclude otherwise would render Miss. Code Ann. § 11-1-58(7) meaningless if the requirements of Miss. Code Ann. § 11-1-58 could be so easily circumvented. *See Evans v. Boyle Flying Serv., Inc.*, 680 So. 2d 821, 825 (Miss. 1996) (When construing the meaning of a statute, this Court must seek the intention of the Legislature, and knowing it, must adopt that interpretation which will meet the Legislature's real meaning.). Thus, the trial court correctly found that Walker failed to comply with Miss. Code Ann. § 11-1-58.

*Walker*, 931 So. 2d at 590.

¶22. While Judge Aycock did not have the benefit of this Court's holding in *Walker* when rendering her decision to sustain the Defendants' motion to dismiss and to dismiss the Caldwells' complaint without prejudice, the Caldwells' assignment of error on appeal is not a matter of first impression for this Court.[7] We specifically addressed this same issue raised on appeal by the Caldwells in *Walker*, 931 So. 2d at 588-89.

¶23. To reiterate, the Caldwells, as the plaintiff in *Walker*, essentially raise the issue of whether strict compliance with the statutory requirements of Miss. Code Ann. § 11-1-58 is required. *See Walker*, 931 So. 2d at 588. In *Walker*, the Court held:

_____

[7] Judge Aycock rendered her bench ruling on March 10, 2006, and her order of dismissal on March 21, 2006. This Court's opinion in *Walker* was handed down on June 8, 2006.

Walker basically concedes her failure to strictly comply with Miss. Code Ann. § 11-1-58(1)(a) and provides no persuasive argument to demonstrate that she complied with the mandatory requirements of Miss. Code Ann. § 11-1-58(1). However, Walker asks this Court to find that she substantially complied with Miss. Code Ann. § 11-1-58(1)(a) because her attorney claimed in documents filed in September 2005, to have consulted with an expert, Nurse Bader, in February 2004, before filing suit on April 7, 2004.

The record reflects that even if Walker's attorney did speak to Nurse Bader before filing suit, this information was not supplied to Whitfield until more than a year later in 2005, well after the complaint was filed and served in April 2004. Likewise, when the complaint was filed nothing accompanied the complaint to inform Whitfield that an expert had been consulted nor was any information from Nurse Bader supplied to Whitfield at the time.

. . . Clearly, Walker did not comply with the mandatory prerequisites of Miss. Code Ann. § 11-1-58(1)(a) when she filed her suit.

*Walker*, 931 So. 2d at 588-589.

¶24. In *Walker*, 931 So. 2d at 588, this Court held that Miss. Code Ann. § 11-1-58(1)(b) requires that the suit be dismissed for failure to comply with the mandatory requirements of Miss. Code Ann. § 11-1-58. The Court stated:

Walker **did fail to state a claim upon which relief can be granted due to Walker's blatant failure to comply with the notice prerequisites of Miss. Code Ann. § 11-1-58**. Without an attorney's certificate of compliance of consultation with an expert or a medical report from an expert *attached to the complaint when the case was filed* as required under the statute, Walker failed to state a claim upon which relief can be granted. As such, Walker is left unable to allege any claim of medical malpractice in the complaint. The language of Miss. Code Ann. § 11-1-58 is clear and unambiguous that based on the failure to comply with its mandatory statutory requirements, the complaint shall be dismissed. Therefore, Walker's complaint **must be dismissed**.

*Walke*r, 931 So. 2d at 591 (emphasis added). *See also Arceo v. Tolliver*, 2006 Miss. LEXIS 650, *17 (Miss. 2006) (This case followed the logic of *Walker* in dismissing the compliant

11

without prejudice for failure to comply with the statutory requirements of Miss. Code Ann. § 15-1-36(15), which provides that a plaintiff has two years from the date of the alleged negligent act in which to commence a lawsuit against medical providers.).

¶25.    Thus, we find that the trial court reached the correct result in finding that the Caldwells failed to comply with Miss. Code Ann. § 11-1-58 (Supp. 2006).  Further, the trial court properly dismissed the Caldwells' amended complaint against NMMC and the Estate without prejudice.

### CONCLUSION

¶26.    For the foregoing reasons, the judgment of the Circuit Court of Lee County to dismiss the Caldwells' amended complaint against North Mississippi Medical Clinic, Inc., and the Estate of Alan Paul Brown, M.D., deceased, without prejudice is affirmed.

¶27.    **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  RANDOLPH, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ.  DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J.  LAMAR, J., NOT PARTICIPATING.**

**RANDOLPH, JUSTICE, SPECIALLY CONCURRING:**

¶28.    I concur with Justice Easley's well-reasoned and cogent analysis of this case.  While the result is harsh, the trial court appropriately applied a legislative enactment.  Trial court judges cannot allow harsh results to deter them from their sworn duty to defend and uphold the laws of this state.  All courts are charged with the responsibility of interpreting our law and rules, and none may deviate from that responsibility.

12

¶29. Unfortunately, the dissent meanders from the issues related to the case sub judice. After taking a tangential excursion of examining Constitutional issues raised by neither party, the dissent offers an unsolicited opinion on issues not raised in this appeal.

¶30. Secondarily, the dissent cites South African law, suggesting that a foreign country provides a better mechanism to resolve disputes than the courts of the United States, and Mississippi in particular. Citing the laws of a foreign nation as an introduction to an analysis of Mississippi's Constitution *vis a vis* one of its statutes, seems a bit peculiar, out of place and unprecedented. As the dissent raises and addresses issues not properly before this Court, I respectfully cannot join the dissent.

**SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ., JOIN THIS OPINION.**

**DIAZ, PRESIDING JUSTICE, DISSENTING:**

¶31. "The first aspect that flows from the rule of law is the obligation of the state to provide the necessary mechanisms for citizens to resolve disputes that arise between them." ***President of RSA v. Modderklip Boerdery***, 2005 (8) BCLR 786 (CC) at ¶ 39 (S. Afr.). For

> This obligation has its corollary in the right or entitlement of every person to have access to courts or other independent forums provided by the state for the settlement of such disputes.
> . . . .
>
> [For] [t]he right of access to court is indeed foundational to the stability of an orderly society. It ensures the peaceful, regulated and institutionalised mechanisms to resolve disputes, without resorting to self-help. The right of access to court is a bulwark against vigilantism, and the chaos and anarchy which it causes. Construed in this context of the rule of law and the principle against self-help in particular, access to court is indeed of cardinal importance.

> As a result, very powerful considerations would be required for its limitation to be reasonable and justifiable.

*Id*. at ¶¶ 39-40 (internal citations, quotations, and footnotes omitted). Because today's decision values procedural rules over the constitutionally-protected substantive rights of Mississippians, and strays from the rule of law, I must respectfully dissent.

¶32. It is indeed true that our statutes require that a litigant filing a claim sounding in medical negligence attach either a certificate of consultation with an expert, a certificate asserting that a looming time bar has prevented expert consultation, or a certificate noting that the attorney made three separate good faith attempts with three different experts to obtain a consultation. *See* Miss. Code Ann. § 11-1-58 (1)(a)-(c) (Rev. 2002). It is also true that in this case counsel for the Caldwells failed to do so, even though the record demonstrates that he consulted with an expert as required by statute more than a year before filing suit. A certificate affirming this consultation was inadvertently omitted from the complaint.

¶33. The majority finds that this technical failure on behalf of a lawyer destroys the ability of the Caldwells to seek redress in our court system. I cannot agree. The statute was crafted by our Legislature to control a perceived problem regarding medical negligence cases; specifically, to filter out possibly non-meritorious claims. It was not created to bar valid claims, nor to trump the constitutional guarantees of the federal and state constitutions.

¶34. For "a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428,

14

102 S. Ct. 1148, 1154, 71 L. Ed. 2d 265 (1982). Under the majority's interpretation of the statute at hand, the Caldwells are denied a right to pursue their claims without due process. The Fourteenth Amendment makes clear that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend XIV, § 1; *see also* U.S. Const. amend. I ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances"); Miss. Const. of 1890 art. 3, § 24 ("All courts shall be open; and every person for an injury done to him, in his land, goods, person or reputation, shall have a remedy by due course of the law, and right and justice shall be administered, without sale, denial, or delay"); Miss. Const. of 1890, art. 3, § 25 ("No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both"); Miss. Const. of 1890, art. 3, § 31 ("The right of trial by jury shall remain inviolate").

¶35.     There are other paths we might choose that do not damage the constitutional rights of Mississippians. We might adopt the route used by some states when attorneys fail to comply with technical matters. Instead of depriving litigants of their property rights in a claim, the attorney is subject to sanction. *See, for example*, Cal. Code Civ. Proc. § 365 ("Failure to comply with [notice requirements in professional negligence actions] shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render

15

a judgment therein . . . failure to comply with such provisions by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any such cases brought to its attention"). Or we might carve an exception for good faith errors, as when an attorney can demonstrate, as in this case, that omission of a certificate was simply a mistake.

¶36. I remain determined that out of caution, out of respect for the rights of Mississippians, we should not default to barring claims. Instead, we should always defer to the federal and state constitutional rights of Mississippians that grant and protect their access to the court system. These constitutional rights trump all lesser statutes which would purport to bar citizens from a day in court.

¶37. Further, it is my belief that because this statute infringes upon constitutional rights, we should review it under strict scrutiny. The right to a jury of one's peers and the right of access to the court system of the state of Mississippi is a fundamental right and it should be reviewed accordingly. *See Mississippi Comm'n on Judicial Performance v. Wilkerson*, 876 So. 2d 1006, 1011 (Miss. 2004) (restrictions on First Amendment-guaranteed speech are reviewed with strict scrutiny); *Associated Press v. Bost*, 656 So. 2d 113, 117 (Miss. 1995) ("Strict scrutiny review has also been applied when a statute infringes upon a fundamental right"); *Doe v. Doe*, 644 So. 2d 1199, 1210 (Miss. 1994) (parents' right to raise children is fundamental and any deprivation is reviewed with strict scrutiny); *Miss. H.S. Activities Ass'n, Inc. v. Coleman By and on Behalf of Laymon*, 631 So. 2d 768, 774 (Miss. 1994)

16

(noting that the right to travel is fundamental and restrictions are reviewed with strict scrutiny).

¶38.   It is undisputed that the Caldwells have a property interest in this cause of action which is protected under both federal and state constitutions.  *See **Arceo v. Tolliver***, 949 So. 2d 691, 698-704 (Miss. 2006) (Graves, J., dissenting).  Accordingly, I would reverse the trial court's grant of summary judgment and remand this case for further proceedings.  For these reasons, I must respectfully dissent.

   **GRAVES, J., JOINS THIS OPINION.**