958 So.2d 1258 (2007)
Lillian ARMSTRONG, Appellant
v.
The ESTATE OF Lewis Benson THAMES a/k/a Louis Benson Thames, George Roberts, Executor, Appellee.
No. 2006-CA-00446-COA.
Court of Appeals of Mississippi.
June 5, 2007.
W. Terrell Stubbs, attorney for appellant.
Joe Dale Walker, attorney for appellee.
EN BANC.
*1259 CARLTON, J., for the Court.
¶ 1. The Lawrence County Chancery Court concluded that a statutory provision does not require service of process on any person where a petitioner is the person for whom a conservator will be appointed. The sister of such a petitioner and ward now appeals the decision of the chancellor. Finding that a plain reading of the statute requires service of process on a relative even where the petitioner requested a conservatorship for himself, we reverse and remand.

FACTS
¶ 2. On January 15, 1998, the Lawrence County Chancery Court appointed George Roberts as conservator of the person and estate of Lewis Thames. Roberts was a brother-in-law to Thames. On April 21, 1999, Thames, who was living in a veteran's home, executed a quitclaim deed conveying certain real property to Lillian Armstrong. Armstrong and Thames are siblings. On May 5, 1999, Thames passed away. Roberts was appointed executor of his brother-in-law's estate.
¶ 3. On December 16, 2003, Roberts filed a complaint as executor of the estate, to set aside the deed from Thames to Armstrong. Armstrong responded to the complaint alleging that the conservatorship was invalid. The chancery court held a hearing on November 14, 2004.
¶ 4. On July 7, 2005, the chancellor found that the conservatorship was valid, and that the deed from Thames to Armstrong was invalid. The court denied Armstrong's motion to reconsider. Aggrieved, Armstrong appeals the decision of the chancellor, arguing that the conservatorship was invalid because process was never served on a relative of the ward as required by statute. The appeal has been assigned to this Court.

DISCUSSION
¶ 5. Matters regarding statutory interpretation are reviewed de novo. Weiner v. Meredith, 943 So.2d 692, 694(¶ 5) (Miss.2006). We apply the plain meaning of the statute when the statute is not ambiguous. Walker v. Whitfield Nursing Ctr., Inc., 931 So.2d 583, 590(¶ 25) (Miss.2006). Statutory interpretation includes the following considerations:
"In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this to adopt that interpretation which will meet the real meaning, though such interpretation may be beyond or within, wider or narrower, than the mere letter of the statute." Gambrill v. Gulf States Creosoting Co., 216 Miss. 505, 62 So.2d 772, 775 (1953); see Miss. Casino Operators Ass'n v. Miss. Gaming Comm'n, 654 So.2d 892, 894 (Miss.1995). As such, "our duty is to carefully review the statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." Pope [v. Brock], 912 So.2d [935,] 937 [(8) (Miss. 2005)].
Walker, 931 So.2d at 590(¶ 25).
¶ 6. The statutory language at issue here states:
Upon the filing of such petition [for a conservatorship], the clerk of the court shall set a time and place for hearing and shall cause not less than five (5) days' notice thereof to be given to the person for whom the conservator is to be appointed, except that the court may, for good cause shown, direct that a shorter notice be given. Such notice shall also be given to the husband or the wife, or a descendant or an ascendant, or next of kin of the person for whom the conservator is to be appointed, provided the person to whom notice is given *1260 is a resident of Mississippi, except where such person is himself the petitioner, it being the intention of the legislature to require personal service on the person for whom the conservator is to be appointed and one relative.

Miss.Code Ann. § 93-13-253 (Rev.2004) (emphasis added).
¶ 7. The clear meaning of this language is to ensure that the person for whom a conservator is to be appointed and one relative receive notice of the petition to appoint a conservator. The exception is that the person for whom a conservator is to be appointed does not need notice served when that person signed the petition. This exception states only what is common sense. The intention of the statute is that two people receive notice of a petition for a conservatorship. The first person is the person for whom a conservator may be appointed, the second is a relative of that person. The statutory exception for notice of such petitions only excludes service upon a petitioner who is requesting a conservator be appointed for himself. Delivery of notice upon a relative is still required.
¶ 8. In the present case, the chancellor concluded that Section 93-13-253 does not require service of process on any person when a petitioner is the person for whom a conservator will be appointed. The very purpose of appointing a conservator is to protect a person who may not be competent to make decisions with substantial legal consequences. It is palpably unreasonable that the legislature intended that a person in need of a conservatorship due to mental incompetency should waive the statutorily-mandated service of process on a relative by signing the petition to establish the conservatorship. The statutory interpretation of the chancellor was error.
¶ 9. THE JUDGMENT OF THE LAWRENCE COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.