KITCHENS, Justice,
dissenting:
¶ 22. For the reasons explained by my colleagues in numerous separate opinions regarding compliance with statutory pre-suit notice requirements, I respectfully disagree that the failure strictly to comply with these kinds of legislative mandates requires dismissal of any sort. See, e.g., Arceo v. Tolliver (“Tolliver II"), 19 So.3d 67, 79-81 (Miss.2009) (Graves, P.J., dissenting); Price v. Clark, 21 So.3d 509, 531-40 (Miss.2009) (Graves, P.J., dissenting); Bunton v. King, 995 So.2d 694, 697-98 (Miss.2008) (Graves, J., dissenting); Cmty. Hosp. of Jackson v. Goodlett, 968 So.2d 391, 398-400 (Miss.2007) (Diaz, P.J., dissenting); Caldwell v. N. Miss. Med. Ctr., 956 So.2d 888, 895-97 (Miss.2007) (Diaz, J., dissenting); Arceo v. Tolliver (“Tolliver I”), 949 So.2d 691, 698-704 (Miss.2006) (Graves, J., dissenting); Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 820-21 (Miss.2006) (Easley, J., dissenting); Fairley v. George County, 871 *94 So.2d 713, 718-24 (Miss.2004) (Easley, J., concurring in result). That Tallahatchie General Hospital had actual notice of the potential lawsuit reinforces my opinion that the trial judge did not err by refusing to dismiss the claim.
¶28. Setting aside my respectful disagreement with the majority regarding noncompliance, I take issue with the Court’s refusal to address whether the dismissal should be with or without prejudice. The majority holds that our addressing this issue would constitute an advisory opinion; however, the issue is squarely before us. By holding that the case should simply be dismissed without addressing whether such dismissal should be with or without prejudice, the trial judge and the parties, on remand, are left without the guidance they have every right to expect from us. This is a question of law, and we are duty-bound to address it. Indeed, the case is before us on an interlocutory appeal, a process that is designed to: “(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or (2) Protect a party from substantial and irreparable injury; or (3) Resolve an issue of general importance in the administration of justice.” M.R.A.P. 5(a). Today’s majority opinion does none of these things and, thus, is wasteful of judicial resources.
¶ 24. Moreover, in Tolliver I, 949 So.2d 691, a case with an almost identical procedural posture, this Court had no reservations about giving direction to the trial court. In that case, the plaintiff had failed to provide a notice-of-claim letter pursuant to Mississippi Code Section 15-1-36(15) (Rev.2003). Id. at 692. The defendants moved to dismiss the case or, in the alternative, grant summary judgment, and the trial court denied the motion. Id. After granting the defendants’ petition for interlocutory appeal, this Court held that the trial court erred in denying summary judgment and that the case should have been dismissed without prejudice. Id. at 692, 698. As in Tolliver I, this Court ought to clarify whether dismissal is to be with or without prejudice.
¶ 25. But, because I would affirm the trial court’s denial of summary judgment, inasmuch as the defendants received actual notice of the suit, albeit somewhat circuitously, I respectfully dissent.
GRAVES, P.J., JOINS THIS OPINION.