# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00532-SCT

*SHARON PARKER AND ALINE WHISENANT*

*v.*

*HARRISON COUNTY BOARD OF SUPERVISORS*
*AND WILFRED E. ROSS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/2007 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | GEORGE W. BYRNE, JR. |
| ATTORNEY FOR APPELLEES: | KAREN J. YOUNG |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/31/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.

### CARLSON, JUSTICE, FOR THE COURT:

¶1.     Aggrieved by the Harrison County Circuit Court's entry of a judgment of dismissal pursuant to a grant of summary judgment for failure to comply with the notice provisions of the Mississippi Tort Claims Act, Sharon Parker and Aline Whisenant appeal to us.  Finding no error, we affirm.

### FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     On July 2, 2003, Sharon Parker was operating a motor vehicle in a westerly direction on Highway 90 in Biloxi, and Aline Whisenant was a passenger in Parker's vehicle.  When Parker stopped her vehicle due to the heavy traffic, it was rear-ended by a vehicle driven by

Wilfred E. Ross, a Harrison County employee who was driving a county vehicle in the course and scope of his employment at the time of the accident.

¶3. On March 12, 2004, Parker and Whisenant filed their Complaint for Damages in the Circuit Court for the Second Judicial District of Harrison County, wherein they sought damages in the sum of $750,000 and $500,000, respectively, against the Harrison County Board of Supervisors.

¶4. On August 17, 2005, the Harrison County Board of Supervisors and Wilfred E. Ross filed their motion for summary judgment asserting that the plaintiffs failed to comply with the provisions of the Mississippi Tort Claims Act (MTCA), and more specifically, section 11-46-11, in that the plaintiffs did not give Harrison County ninety days' notice to either admit or deny the claims prior to filing their lawsuit. *See* Miss. Code Ann. § 11-46-11 (Rev. 2002). The defendants further asserted that the automobile accident occurred on July 2, 2003, and that the certified notice of claim was given to the Board on January 16, 2004.[1] The complaint was filed on March 12, 2004, and the defendants were served with process and a copy of the complaint shortly thereafter, approximately fifty-six (56) days after the County's receipt of the certified notice of claim.

¶5. Additionally, the defendants' motion for summary judgment asserted the statutory exemptions under Mississippi Code Annotated Section 11-46-9(1)(d) (Rev. 2002), which states in pertinent part:

---

[1]The certified claim letter actually was sent to Wilfred Ross on January 7, 2004. According to the Board minutes, Harrison County received notice on January 16, 2004.

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

. . .

(d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.[2]

¶6.     On January 16, 2007, the plaintiffs filed their Opposition to Defendant's Motion for Summary Judgment, asserting that the Board was notified of the plaintiffs' claim as early as July 14, 2003, through Walt Warren of Associated Adjusters, representing Harrison County's insurer.  Specifically, the plaintiffs assert that Warren, on behalf of the Board, contacted the plaintiffs on July 14, 2003, concerning the plaintiffs' claim and requested signed medical authorization forms so Warren could obtain the plaintiffs' medical records relating to the injuries allegedly sustained in the motor vehicle accident.  Furthermore, the plaintiffs assert that on August 12, 2003, the plaintiffs' initial counsel communicated with Warren that he sought to resolve at that time the issue of the plaintiffs' property-damage claim, reserving the issue of the plaintiffs' injuries and medical treatment for subsequent disposition.  In fact, the Board settled the plaintiffs' property-damage claim in August 2003.

¶7.     In further support of their Opposition to Defendant's Motion for Summary Judgment, the plaintiffs set out that they retained different counsel, who mailed a certified claim letter to the Board on January 7, 2004, reasserting the claims already made by the plaintiffs in July, 2003.  Thus, the plaintiffs claim that as of January, 2004, the Board had more than ninety

---

[2]Even though section 11-46-9 has since been amended, section 11-46-9(1)(d) has been unaffected by the amendments.

days after receipt of notice in which to investigate their claim and either to admit or to deny the plaintiffs' claims prior to the filing of their lawsuit.

¶8.     On January 26, 2007, a hearing was held on the defendants' motion for summary judgment in the Circuit Court for the Second Judicial District of Harrison County, Judge Lisa P. Dodson presiding. At the conclusion of the hearing, Judge Dodson took this matter under advisement, and on April 4, 2007, she entered an Order Granting Summary Judgment with Findings of Fact and Conclusions of Law. Because she dismissed the plaintiffs' case for failure to comply with the notice provisions of section 11-46-11, Judge Dodson chose not to address the issue of whether the defendants were immune from suit pursuant to section 11-46-9(1)(d). Aggrieved by the trial court's grant of summary judgment and entry of a judgment of dismissal in favor of the Harrison County Board of Supervisors and Wilfred E. Ross, Parker and Whisenant appealed to this Court.

## DISCUSSION

¶9.     The standard for reviewing a trial court's grant of summary judgment is well-settled. We are required to apply a *de novo* standard of review. ***Progressive Gulf Ins. Co. v. Dickerson & Bowen, Inc.***, 965 So. 2d 1050, 1052 (Miss. 2007) (citing ***Price v. Purdue Pharma Co.***, 920 So. 2d 479, 483 (Miss. 2006)). As stated in Mississippi Rule of Civil Procedure 56(c), "the trial court must view all the evidence . . . in the light most favorable to the non-moving party; and, upon this consideration, if the moving party is entitled to a judgment as a matter of law, the motion should be granted; otherwise, it should be denied." ***Lumberman's Underwriting Alliance v. City of Rosedale***, 727 So. 2d 710, 713 (Miss. 1998)

4

(citing *Sanford v. Federated Guar. Ins. Co.*, 522 So. 2d 214 (Miss. 1988)); *Southern Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So. 2d 369, 370 (Miss. 1987); *Brown v. Credit Ctr., Inc.*, 444 So. 2d 358, 362 (Miss. 1983).

¶10. Briefly stated, Parker and Whisenant assert that en route to the grant of summary judgment, the trial court erred (1) in failing to find that they had substantially complied with the notice provisions of Mississippi Code Annotated Section 11-46-11, and (2) in retroactively applying this Court's more recent decisions to their case.

¶11. For the sake of today's discussion, we restate and combine the relevant issues.

   I.   **WHETHER THE PLAINTIFFS FAILED TO COMPLY WITH THE NINETY-DAY NOTICE REQUIREMENT AS SET OUT IN MISSISSIPPI CODE ANNOTATED SECTION 11-46-11(1).**

   II.  **WHETHER THE PLAINTIFFS FAILED TO COMPLY WITH THE NOTICE CONTENTS REQUIREMENT AS SET OUT IN MISSISSIPPI CODE ANNOTATED SECTION 11-46-11(2).**

¶12. The plaintiffs, Parker and Whisenant, contend that they substantially complied with the notice provisions of Mississippi Code Annotated Sections 11-46-11(1) & (2) (Rev. 2002) by giving the Board at least ninety days' notice by providing it with the sufficient information required pursuant to statute. While the plaintiffs recognize that "strict compliance" with certain provisions of the MTCA is now required to maintain a suit under the MTCA, they assert that at the time they filed suit, "substantial compliance" with the notice statute was all that was required.

¶13. On the other hand, the Board[3] asserts that the plaintiffs failed to comply with the ninety-day notice requirement as set out in Mississippi Code Annotated Section 11-46-11(1) (Rev. 2002). In addition, the Board asserts that the plaintiffs failed to substantially comply with the notice provision when they failed to provide written notice that contained all seven categories of information outlined in Mississippi Code Annotated Section 11-46-11(2) (Rev. 2002).

¶14. Since the disposition of Issue II – whether the plaintiffs failed to substantially comply with the notice provision when they failed to provide written notice that contained all seven categories of information outlined in Mississippi Code Annotated Section 11-46-11(2) – controls the outcome of this appeal, we need not discuss Issue I – whether the plaintiffs provided the requisite ninety days notice for filing suit as set out in Mississippi Code Annotated Section 11-46-11(1).[4]

¶15. The MTCA outlines a specific procedure which a claimant must follow in order to file a claim against a government entity. The statute states in relevant part:

> Every notice of claim required by subsection (1) of this section shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury

---

[3]For the sake of today's discussion, we will refer to the defendants/appellees, the Harrison County Board of Supervisors and Wilfred E. Ross, collectively, as "the Board."

[4]Section 11-46-11(1) states in pertinent part that "that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity."

occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2) (Rev. 2002).

¶16. The plaintiffs claim that they complied with this statute at least three times before filing suit. First, the plaintiffs assert they had contact with Warren at Associated Adjusters, the Board's insurer, in July of 2003. The plaintiffs contend they informed Warren of their claim, signed medical release forms, and settled a property damage claim. Second, the plaintiffs assert that their first attorney wrote a letter on August 12, 2003, notifying Warren at Associated Adjusters of his representation of the plaintiffs. This letter stated:

> I am writing to advise of our representation of the above named clients with regard to an automobile accident occurring on July 2, 2003 in Biloxi, Mississippi. It is my understanding that our clients were passengers in a vehicle that was rear-ended by a vehicle operated by an agent of the county.
>
> Please resolve the property damage claim with them directly, and we will monitor the medical progress.
>
> I thank you for your acceptance of this letter.

Third, the plaintiffs assert that on January 7, 2004, the plaintiffs' new attorney sent a letter to Wilfred Ross, and this letter was received and placed in the Board's minutes on January 16, 2004. This letter stated:

> Please be advised that the undersigned represents Ms. Sharon Parker and Ms. Aline Whisenant in connection with the motor vehicle accident of July 2, 2003 in Biloxi, Mississippi, when your vehicle rear-ended their car on Highway 90. Please forward a copy of this letter to your insurer and your employer and request that they contact me immediately relative to this matter.

7

¶17.    Based on these letters, the plaintiffs assert that they substantially complied with section 11-46-11(2).  The plaintiffs cite *City of Pascagoula v. Tomlinson*, 741 So. 2d 224, 226 (Miss. 1999), for the proposition that "notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonabl[y] affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it." *Id.* at 226 (quoting *Carr v. Town of Shubuta*, 733 So. 2d 261, 263 (Miss. 1999)).

¶18.    However, in a later case, *South Cent. Reg'l Med. Ctr. v. Guffy,* 930 So. 2d 1252, 1257-58 (Miss. 2006), this Court stated:

> Pursuant to Miss. Code Ann. § 11-46-11(2), there are seven required categories of information which must be included.  The seven required categories are as follows: (1) the circumstances which brought about the injury; (2) the extent of the injury; (3) the time and place the injury occurred; (4) the names of all persons known to be involved; (5) the amount of money damages sought; (6) the residence of the person making the claim at the time of the injury; and (7) the claimant's residence at the time of filing the notice.  *See* Miss. Code Ann. § 11-46-11(2).  The language of Miss. Code Ann. § 11-46-11(2) clearly states that "every notice of claim **shall** contain a short and plain statement" addressing these seven categories of information or facts upon which the claim is based and this "**shall** be in writing."  *See* Miss. Code Ann. § 11-46-11(2).  As such, the language contained in Miss. Code Ann. § 11-46-11(2) is mandatory.
>
> With respect to the seven required categories of information, the failure to provide one of the seven categories is failure to comply.  Thus, the term "substantial compliance" in this context is rendered meaningless.  Either the written notice complied with Miss. Code Ann. § 11-46-11(2) by **disclosing *all seven required categories*** of information, or it did not comply with the statute by failing to disclose all seven required categories of information.  The wording, "substantial compliance" with the requirements of Miss. Code Ann.

§ 11-46-11(2), contained in many of this Court's opinions regarding the application of Miss. Code Ann. § 11-46-11(2) causes confusion and needs to be addressed by this Court today in order to provide direction and clarity to the courts and the bar. *See, e.g., Fairley*, 871 So. 2d at 716; *Gale v. Thomas*, 759 So. 2d at 1158; *McNair v. Univ. of Miss. Med. Ctr.*, 742 So. 2d at 1080; *Carr v. Town of Shubuta*, 733 So. 2d at 263; *Reaves ex rel. Rouse v. Randall*, 729 So. 2d at 1240.[5]

The confusion has arisen in the discussion of Miss. Code Ann. § 11-46-11(2), as to how much information is required by this Court under each of the seven categories to comply with Miss. Code Ann. § 11-46-11(2). As a practical example, the first category requires notice of the "circumstances which brought about the injury." In order to comply with this requirement, the notice need not disclose every single fact, figure and detail, but rather the substantial details, in order to comply with the requirements of Miss. Code Ann. § 11-46-11(2). But, the failure to provide *any* of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with Miss. Code Ann. § 11-46-11(2). However, where some information in each of the seven required categories is provided, this Court must determine whether the information is "substantial" enough to be in compliance with the statute. If it is, the result is "compliance," not "substantial compliance" with the requirements under Miss. Code Ann. § 11-46-11(2).

930 So. 2d at 1257-58 (emphasis in original).

¶19.   *Guffy* recognized that "[t]he standard employed by this Court requires substantial compliance with the notice requirements of the MTCA," but determined that this Court does not even reach the issue of whether a plaintiff substantially complied with the statute if all seven categories of information are not contained in the notice letter. *Guffy*, 930 So. 2d at

_____

[5]The full citations to the cases are *Fairley v. George County*, 871 So. 2d 713, 716 (Miss. 2004); *Gale v. Thomas*, 759 So. 2d 1150, 1158 (Miss. 1999); *McNair v. Univ. of Miss. Med. Ctr.*, 742 So. 2d 1078, 1080 (Miss. 1999); *Carr v. Town of Shubuta*, 733 So. 2d 261, 263 (Miss. 1999); and *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237, 1240 (Miss. 1998).

1255, 1258. While the plaintiffs here argue that since *Guffy* was not decided until after they filed suit, and as such should not be applied retroactively today, the plaintiffs are mistaken. Because this Court handed down *Guffy* while this litigation was ongoing between the parties, we find *Guffy* controlling.[6] *See Thompson v. City of Vicksburg*, 813 So. 2d 717, 721 (Miss. 2002) (retroactive application of judicially articulated rulings applied to cases awaiting trial); *see also Anderson v. Anderson*, 692 So. 2d 65, 70 (Miss. 1997) (change in the law applied retroactively to the case pending review on appeal).

¶20.    None of the above communications meet the notice requirements of section 11-46-11(2). In regard to the plaintiffs' initial conversation with Warren at Associated Adjusters,[7] verbal communication is not sufficient under the statute. Miss. Code Ann. § 11-46-11(2) (Rev. 2002) ("Every notice of claim required by subsection (1) of this section shall be in writing"). *Holmes v. Defer*, 722 So. 2d 624, 628 (Miss. 1998) (section 11-46-11 "requires written notice to the chief executive officer of the governmental entity against which a claim is being brought").[8]

---

[6] *Guffy* was decided via an interlocutory appeal on the Hospital's petition filed with us after the trial court's denial of the Hospital's motion to dismiss. *Guffy*, 930 So. 2d at 1254.

[7] In addition, Associated Adjusters is not the "chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1) (Rev. 2002). As such, Associated Adjusters is not the proper party to receive notice under the Mississippi Torts Claims Act.

[8] *Holmes* was overruled on other grounds by *Carr*, 733 So. 2d at 266 ("*Lumpkin*, *Holmes* and *Carpenter* are hereby overruled to the extent that they require strict compliance rather than substantial compliance."). *See Carpenter v. Dawson*, 701 So. 2d 806 (Miss. 1997); *City of Jackson v. Lumpkin*, 697 So. 2d 1179 (Miss. 1997).

¶21. Furthermore, the August 2003 letter and the January 2004 letter clearly do not comply with the requirements of Mississippi Code Annotated Section 11-46-11(2). Without even addressing the scant information contained in the letter of August 12, 2003, there was absolutely no information in that letter, as required by the statute, concerning the extent of the plaintiffs' injuries; the names of all persons known to be involved; the amount of money damages sought; the residence of the persons making the claim at the time of the injury; and the plaintiffs' residence at the time of filing the notice. The letter of January 7, 2004, is likewise devoid of these same five categories of information.[9]

¶22. Thus, we find that Judge Dodson did nor err when she found that "[n]either of Plaintiffs' letters provided information in each of the seven (7) categories and, therefore, neither constitutes a notice as required under the statute." With this finding having been made, Judge Dodson found that "it is clear that there is no genuine issue of material fact in this case and that Defendants are entitled to judgment as a matter of law." *See Brown*, 444 So. 2d at 362, and its progeny.

¶23. Since we have found that the trial court did not err in granting summary judgment on the section 11-46-11(2) issue, we find there is no reason to discuss the issue of whether the

---

[9]We in no way through dicta wish to imply that the other two categories of information (the circumstances which brought about the injuries, and the time and place the injuries occurred) were sufficient in today's case, but because of the plaintiffs' total failure to provide the required information in the other five statutory categories, we need not discuss whether this information was "substantial enough." *Guffy*, 930 So. 2d at 1258.

plaintiffs strictly complied with the ninety-day-notice requirement set out in section 11-46-11(1). *See Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 819-20 (Miss. 2006).

## CONCLUSION

¶24.   For the reasons stated, the judgment of dismissal entered consistent with the grant of summary judgment by the Circuit Court of the Second Judicial District of Harrison County, in favor of the Harrison County Board of Supervisors and Alfred E. Ross, and against Sharon Parker and Aline Whisenant, is affirmed.

¶25.   **AFFIRMED.**

**SMITH, C.J., WALLER, P.J.,  DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY GRAVES, J.  EASLEY, J., NOT PARTICIPATING.**

**DIAZ, PRESIDING JUSTICE, DISSENTING:**

¶26.   I do not read Section 11-46-11 as requiring that a plaintiff's case be dismissed if he or she does not comply with the notice-of-claim provisions; nor do I think that dismissal is the appropriate remedy for a plaintiff's noncompliance.  I believe this Court should select a less punitive remedy that is more consonant with the humanitarian purpose of the MTCA. Therefore, I respectfully dissent.

¶27.   This Court has held that if a plaintiff fails to strictly comply with the notice-of-claim requirements of Mississippi Code Section 11-46-11, the proper remedy is dismissal of the plaintiff's suit.  *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1258-59 (Miss. 2006) (failure to comply with contents requirement of subsection (2)); *Univ. of Miss. Med. Ctr. v.*

*Easterling*, 928 So. 2d 815, 819 (Miss. 2006) (failure to comply with ninety-day notice requirement of subsection (1)). I agree that we should require strict compliance with the notice-of-claim requirements, but I do not agree that a plaintiff's suit should be dismissed if he or she does not strictly comply with these requirements.

¶28. First of all, the statute contains no language mandating that a plaintiff's suit be dismissed if he or she does not comply with the statutory notice requirements. *Cf. **Cmty. Hosp. of Jackson v. Goodlett ex rel. Goodlett***, 968 So. 2d 391, 399 (Miss. 2007) (Diaz, P.J., dissenting) ("There is absolutely no language in either Section 11-1-58 or Section 15-1-36 which provides that the remedy for noncompliance is dismissal."). This Court has simply read that remedy into the statute. *Cf. **id.***

¶29. Second, requiring that a claimant's suit be dismissed if Section 11-46-11 was not strictly complied with runs counter to the purpose of the MTCA, which is "to allow for the orderly administration of legitimate claims against governments for . . . tortious conduct . . . ." ***Carr v. Town of Shubuta***, 733 So. 2d 261, 263 (Miss. 1999); *see **City of Pascagoula v. Tomlinson***, 741 So. 2d 224, 228 (Miss. 1999) ("[T]he dismissal of a lawsuit based on a failure to comply with the waiting period is . . . contrary to the purposes of the Legislature in enacting the Tort Claims Act."), *overruled by **Easterling***, 928 So. 2d at 819. The purpose of Section 11-46-11's notice -of-claim requirements "is to give the governmental entity an opportunity to investigate the claim and notifying the appropriate agencies or officials of dangerous conditions or inappropriate conduct to allow for corrective or remedial measures, as well as to permit or encourage amicable settlement with the citizenry and/or prepare a

13

defense to the claim." *Carr*, 733 So. 2d at 263 (citations omitted). Section 11-1-46 was not enacted with the intent to bar valid claims.

¶30. Third, the dismissal of a plaintiff's suit based on his or her attorney's negligent failure to provide the governmental entity with ninety days' notice or a notice of claim including every single one of the seven pieces of information enumerated in Section 11-46-11 (2) is too harsh a remedy. *See, e.g.*, *Goodlett*, 968 So. 2d at 399 (Miss. 2007) (Diaz, J., dissenting); *Caldwell v. N. Miss. Med. Ctr., Inc.*, 956 So. 2d 888, 896-97 (Miss. 2007) (Diaz, P.J., dissenting); *Arceo v. Tolliver*, 949 So. 2d 691, 698-704 (Miss. 2006) (Graves, J., dissenting). "[D]ismissals should be granted only when less drastic alternatives have been considered and such lesser sanctions would not serve the best interest of justice." *Dinet v. Gavagnie*, 948 So. 2d 1281, 1285 (Miss. 2007) (citing *Wallace v. Jones*, 572 So. 2d 371, 376-77 (Miss. 1990)). Dismissal is certainly a drastic remedy in this case, since Harrison County was made aware through its insurance adjuster, Walt Warren, of the plaintiffs' personal-injury claims at least six months before the plaintiffs filed suit.

¶31. There are other remedies that we might choose that do not infringe Mississippians' federal and state constitutional rights of access to court. *See* U.S. Const. amend. XIV, § 1; Miss. Const. of 1890 art. 3, §24 ("All courts shall be open; and every person for an injury done to him, in his land, goods, person or reputation, shall have a remedy by due course of the law, and right and justice shall be administered, without sale, denial, or delay"); Miss. Const. of 1890 art. 3, §25 ("No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself,

14

or counsel, or both"); Miss. Const. of 1890 art. 3, § 31; ***Caldwell***, 956 So. 2d at 896 (Diaz, P.J., dissenting). Other states have chosen to adopt an alternative remedy for a plaintiff's failure to provide proper pre-suit notice to a defendant. ***Id.*** For example, in California, non-compliance with a statutory notice provision results in the plaintiff's attorney being sanctioned instead of dismissal of the plaintiff's suit. *See* Cal. Code. Civ. Proc. § 365 ("Failure to comply with [notice requirements in professional negligence actions] shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein...failure to comply with such provisions by any attorney at law shall be grounds for professional discipline"). Sanctioning attorneys for their failure to comply with the pre-suit notice requirements is a more appropriate remedy than dismissal: it provides for enforcement of the notice provision against the person responsible for giving notice – the attorney – without impairing the plaintiff's ability to seek redress in our courts of law. *See **Caldwell***, 956 So. 2d at 896-97 (Diaz, P.J., dissenting).

¶32.    With respect to the ninety-day notice requirement, we could opt to reinstitute the procedure whereby the governmental entity is allowed to request that the trial court issue an order staying the case until the ninety-day waiting period expires. *E.g.*, ***Tomlinson***, 741 So. 2d at 228. But whatever remedy is selected, it must be one more proportionate to the conduct we are trying to deter than dismissal.

¶33.    Accordingly, I would reverse the trial court's grant of summary judgment and remand this case for further proceedings.

        **GRAVES, J., JOINS THIS OPINION IN PART.**

15