# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-SA-00974-COA

HARRY LANE                                                                                   APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                                  APPELLEE
TRANSPORTATION, SOUTHERN DISTRICT

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | MICHAEL DUANE MITCHELL SAMUEL S. CREEL JR. |
| ATTORNEY FOR APPELLEE: | TRACE D. MCRANEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT FOR APPELLEE |
| DISPOSITION: | AFFIRMED - 05/23/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., FAIR AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.     The sole issue in this appeal is whether the plaintiff's pre-suit notice of claim was sufficient to satisfy the requirements of the Mississippi Tort Claims Act (MTCA), specifically, Mississippi Code Annotated section 11-46-11(2) (Rev. 2012). The circuit court concluded that the notice did not substantially comply with the statute's requirements and granted summary judgment for the Mississippi Department of Transportation (MDOT) on that basis. For the reasons that follow, we agree and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. The relevant record facts can be summarized briefly. On October 2, 2015, Lane's attorney filed a notice of claim with MDOT that stated as follows:

> On or about October 11, 2014, as Mr. Lane was operating his motorcycle in a safe and prudent manner southbound on the ramp of MS 67, Mr. Lane lost control of his motorcycle and ran off the left side of the roadway, the motorcycle came to rest East of MS 67 facing east, that Mr. Lane hit a damaged area on the roadway causing him to lose control of his motorcycle.
>
> This accident was caused by the negligen[ce] for failure to properly inspect and maintain said roadway of [MDOT].
>
> That [MDOT] has acted in reckless disregard to the members of the public who may have been operating their vehicles southbound of the ramp of MS 67.
>
> That as a direct of [sic] proximate result of the aforesaid acts and failure to act Mr. Lane has suffered and continues to suffer damages in excess of $28,983.53, in personal and property damages, further regarding pain and suffering in the amount to be determined by the Court.
>
> Therefore, the undersigned intends to bring suit, pursuant to Section 11-46-1, et seq. against [MDOT] for alleged neglect in reckless disregard for the safety of the driving public on the southbound ramp of MS 67, in Forrest County, Mississippi.

¶3. On January 27, 2016, Lane filed suit against MDOT in the Harrison County Circuit Court. His complaint repeated the allegations of his notice of claim. MDOT answered and on March 11, 2016, filed a motion for summary judgment arguing that the content of Lane's pre-suit notice of claim failed to satisfy the requirements of section 11-46-11. Lane responded, MDOT replied, and the court heard oral argument on the motion. On June 23, 2016, the circuit court granted MDOT's motion based on Lane's failure to comply with the requirements of section 11-46-11. Lane filed a timely notice of appeal.

**DISCUSSION**

¶4.     This Court applies a de novo standard of review to a grant of summary judgment and to issues involving the interpretation and application of the MTCA. *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (¶8) (Miss. 2008).

¶5.     At least ninety days prior to filing suit against a governmental entity, a plaintiff "must file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1). "Every notice of claim shall: (i) Be in writing; (ii) Be delivered in person or by registered or certified United States mail; and (iii) Contain a short and plain statement of the facts upon which the claim is based . . . ." *Id.* § 11-46-11(2)(b). The statute expressly identifies

> seven required categories of information which must be included [in the notice of claim]. The seven required categories are as follows: (1) the circumstances which brought about the injury; (2) the extent of the injury; (3) the time and place the injury occurred; (4) the names of all persons known to be involved; (5) the amount of money damages sought; (6) the residence of the person making the claim at the time of the injury; and (7) the claimant's residence at the time of filing the notice.

*Parker v. Harrison Cty. Bd. of Supervisors*, 987 So. 2d 435, 439 (¶18) (Miss. 2008) (quoting *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1257-58 (¶18) (Miss. 2006)).

¶6.     "[The Supreme] Court requires 'substantial compliance' with the MTCA notice provisions." *Fairley v. George Cty.*, 871 So. 2d 713, 716 (¶8) (Miss. 2004). "Though substantial compliance with the notice provisions is sufficient, substantial compliance is not the same as, nor a substitute for, non-compliance." *Id.* at 717 (¶8) (quotation marks,

alteration omitted). "The determination of substantial compliance is a legal, though fact-sensitive, question." *Id.* at (¶9) (quotation marks, alteration omitted). The defendant is entitled to summary judgment if the plaintiff failed to comply with the MTCA's pre-suit notice provisions. *Id.* at 718 (¶15).

¶7. In *Guffy*, the Supreme Court recognized that its prior opinions on the issue of "substantial compliance" had generated "confusion." *Guffy*, 930 So. 2d at 1258 (¶19). The Court stated, "[This] confusion . . . needs to be addressed by this Court today in order to provide direction and clarity to the courts and the bar." *Id.* To that end, the Court wrote:

> The confusion has arisen . . . as to how much information is required by this Court under each of the seven categories . . . . As a practical example, the first category requires notice of the "circumstances which brought about the injury." In order to comply with this requirement, the notice need not disclose every single fact, figure and detail, but rather the substantial details, in order to comply with the requirements of [section] 11-46-11(2). But, the failure to provide *any* of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with [section] 11-46-11(2). However, where some information in each of the seven required categories is provided, this Court must determine whether the information is "substantial" enough to be in compliance with the statute. If it is, the result is "compliance," not "substantial compliance" with the requirements under [section] 11-46-11(2).

*Id.* at (¶20).

¶8. Two years later, the Supreme Court unmistakably reaffirmed *Guffy*'s guidance to the bench and bar. *Parker*, 987 So. 2d at 439-40 (¶18). Indeed, in *Parker*, the Supreme Court stated: "this Court does not even reach the issue of whether a plaintiff substantially complied with the statute if all seven categories of information are not contained in the notice letter."

4

*Id.* at 440 (¶19). The Supreme Court also held that *Guffy*'s discussion of substantial compliance was "controlling" and "applied retroactively" to all cases awaiting trial or pending on appeal when it was decided. *Id.*

¶9. This line of cases soon took an unexpected turn. About four months after *Parker* handed down, the Supreme Court stated, in a footnote, that what *Guffy* had trumpeted as much-needed "direction and clarity to the courts and the bar" was actually only "dictum" that obviously had no "binding effect." *Lee*, 999 So. 2d at 1266 n.3. Not only that, the Court criticized "the trial court's reliance on *Guffy*" as "misplaced." *Id.*

¶10. The foregoing decisions are hard to reconcile. One purports to provide "direction and clarity to the courts and the bar," while another criticizes a circuit judge for heeding that very direction. One holds that *Guffy*'s pronouncements apply retroactively and are "controlling," while the next says that those pronouncements were only "dictum."[1] With "direction and clarity" downgraded to dicta to be relied on at our own risk, we will muddle through as best we can. We address each of the seven required categories of information in turn.

*1. The circumstances that brought about the injury*

¶11. MDOT concedes that Lane's notice "arguably fully satisf[ies]" this requirement. We agree, although we note that Lane provided only slightly more information than the Supreme Court deemed insufficient in *Fairley*. *See Fairley*, 871 So. 2d at 717-18 (¶¶12-13); *id.* at 719

---

[1] As *Lee* states, "dictum" is never "binding," retroactively or prospectively. This raises the question how dictum was deemed retroactively "controlling" in *Parker*. As it turns out, *Parker* engaged in an analysis, possibly the first of its kind, of the retroactivity of dicta.

(¶20) (Easley, J., dissenting).

### 2. *The extent of the injury*

¶12. Lane provided no information about the extent of his injuries. His notice stated only that he "ha[d] suffered and continue[d] to suffer damages in excess of $28,983.53, in personal and property damages," and unspecified "pain and suffering" damages. Our Supreme Court has "recognize[d] . . . that on occasion the full extent of such injuries may only become known at a later date. However, a plaintiff is required to reveal the extent of injuries known at the time the notice letter is sent." *Fairley*, 871 So. 2d at 718 (¶13). Here, Lane filed his notice of claim almost one year after the alleged motorcycle accident but provided no description of his alleged injuries or their extent, disclosing only the types of damages he claimed. Lane failed to satisfy the requirement. *See id.* (finding that notice of "personal injuries and/or property damage" failed to satisfy the requirement).[2]

### 3. *The time and place the injury occurred*

¶13. MDOT disputes that Lane's notice satisfied this requirement. MDOT emphasizes that the notice named the wrong county. The accident occurred in Harrison County, not Forrest County, as Lane's notice of claim stated. In fact, Highway 67 is located entirely in Harrison County, so the accident could not have occurred on Highway 67 in Forrest County. MDOT also points out that Lane's notice failed to state what time of day the injury occurred.

---

[2] We recognize that Lane provided a dollar-value for part of his claim; however, "the amount of money damages sought" is a separate and distinct category of required information, which we address below.

However, in the circuit court, MDOT stated in its motion for summary judgment that Lane's "notice . . . provided information to satisfy" this particular requirement. Indeed, it would appear that MDOT had not noticed Lane's mistake when it filed its motion for summary judgment. Lane first raised the issue when he acknowledged the mistake in his response. As such, it appears that MDOT knew and understood from the notice where the accident allegedly occurred. Therefore, we accept that Lane's notice provided adequate facts as to this particular category of information.

4.    *The names of all persons known to be involved*

¶14.    MDOT does not contend that Lane's notice was insufficient with respect to this particular required category of information. The notice does not directly address this issue; however, the notice seems to describe a one-vehicle accident, and Lane cannot be expected to know the names of specific MDOT personnel involved in the road's maintenance. While it would have been better for Lane's notice to state directly whether he was aware of any other persons involved, we do not consider his failure to do so non-compliance.

5.    *The amount of money damages sought*

¶15.    As noted above, Lane's notice of claim stated that he had "suffered and continue[d] to suffer damages in excess of $28,983.53, in personal and property damages," plus unspecified "pain and suffering" damages. The circuit court found that Lane "barely" "reach[ed] the level of substantial compliance" as to this component of his statement of claim. On appeal, MDOT argues that the information is insufficient. We agree that Lane

7

fails to specify whether this amount reflects medical bills, damage to his motorcycle, both, or something else. Nonetheless, like the circuit court, we find that the information is "barely" sufficient with respect to the fifth required category of information.

> 6-7. *The claimant's residence at the time of the injury and at the time of filing the notice*

¶16. The final two categories of information are related, so we address them together. Lane admits that his notice of claim completely failed to address either required category of information. Citing *Lee*, *supra*, Lane argues that his counsel's letterhead was a substitute for compliance. We disagree.

¶17. In *Lee*, the plaintiff (Lee) alleged that she suffered injuries as a result of medical malpractice by employees of Memorial Hospital at Gulfport (MHG). *Lee*, 999 So. 2d at 1264 (¶3). Lee's notice of claim included a detailed description of her alleged injuries and MHG's alleged negligence. *Id.* Her notice also contained her attorney's letterhead, her name and date of birth, and the specific dates that she was treated at MHG. *Id.* One month after receiving Lee's notice of claim, MHG informed Lee that it had reviewed her claim, that it found no deviation from the applicable standard of care, and that her claim was denied. *Id.* at 1265 (¶3). The circuit court dismissed Lee's subsequent complaint against MHG after finding that Lee failed to comply with section 11-46-11(2), as interpreted by *Guffy*, *supra*. *Id.* at 1266 (¶10). However, the Supreme Court reversed on appeal. As noted above, the Court stated that the circuit judge's reliance on *Guffy* was "misplaced." *Id.* at 1266 n.3. The Court's opinion first concluded that Lee's notice of claim provided the first five categories

8

of information required by section 11-46-11(2). *Id.* at 1267 (¶¶11-12). As to the final two required categories, the Court reasoned:

> Last, the notice of claim contained the letterhead of Lee's attorney, Lee's name, and Lee's date of birth. While Lee did not provide her residence at the time of the injury or at the time of the notice, we find the information provided to be in substantial compliance with the statutory requirements. While there may be some cases in which the claimant's residence is a critical issue, clearly it was not in this case. The address of Lee's counsel was provided, and Lee's date-of-birth and dates of hospitalization were provided for identification purposes. Clearly, MHG was able to identify Lee as a patient and investigate and conduct a "review of the matter" as evidenced by its letter of denial.

*Id.* at (¶12).

¶18. This case is distinguishable from *Lee*. Lee failed to provide her address at the time of the injury or at the time she submitted her claim, but she provided ample information for "identification purposes" in the form of her date of birth and the dates of her hospitalization. Obviously, MHG was able to identify her—and review the merits of her claim—based on its own records of her treatment. The Supreme Court's opinion seemed to view the information that Lee provided as an imperfect substitute for, or attempt to comply with, section 11-46-11(2)'s sixth and seventh required categories of information, rather than a complete failure to comply with those sub-requirements. In contrast, the notice of claim in the present case provides absolutely no identifying information other than to show that the claimant's name is "Harry R. Lane."

¶19. In *Lee*, the Supreme Court went on to state that its decision "should not be interpreted as holding that the required elements [of section 11-46-11(2)] do not need to be explicitly

9

stated in the notice of claim." *Lee*, 999 So. 2d at 1267 (¶13). The Court stated that it would "continue to apply a substantial compliance standard," that the determination of substantial compliance was "fact-sensitive," and that on the particular "facts and circumstances of [that] case," Lee's notice "substantially complied with the statutory requirements of [s]ection 11-46-11(2) and fulfilled the purpose of the statute as set forth in *Reaves ex rel. Rouse v. Randall*, [729 So. 2d 1237 (Miss. 1998)]." *Lee,* 999 So. 2d at 1267 (¶13). Per *Reaves*, the purpose of the notice requirement is to ensure that governmental entities are on notice of claims against them and to permit prompt corrective action and settlement when appropriate. *See Reaves*, 729 So. 2d at 1240 (¶9).

¶20.    In summary, Lane's notice of claim disclosed only that "[o]n or about" a date one year earlier he wrecked his motorcycle on Highway 67; that he suffered personal injuries and property damages; and that he was seeking damages "in excess of $28,983.53." As discussed above, Lane's notice of claim provided some information in four of the "seven required categories of information which must be included" in a notice of claim, *Parker*, 987 So. 2d at 439 (¶18) (quoting *Guffy*, 930 So. 2d at 1257-58 (¶18)), although the information in some of those categories was minimally sufficient at best. However, Lane's notice provided no information to satisfy the other three requirements of section 11-46-11(2): the extent of the injury, his residence at the time of the injury, and his residence at the time of the claim. This information was absent even though the statute and multiple Supreme Court opinions had identified it as essential to a proper notice of claim. And unlike the claimant in *Lee*, Lane's

notice of claim failed to provide alternative identifying information. *See Lee*, 999 So. 2d at 1267 (¶12). Rather, MDOT was informed only that someone named Harry Lane was making a claim against it based on a motorcycle wreck that occurred one year earlier.

¶21. In *Lee*, the Court reiterated that all "required elements" of section 11-46-11(2) do "need to be explicitly stated in the notice of claim." *Id.* at (¶13). *Lee* also described its holding as "fact-sensitive" and "[b]ased on the facts and circumstances of [that] case." *Id.* We conclude that the facts of this case are materially different. For the reasons discussed above, we conclude that the notice of claim in this case reflects non-compliance, rather than substantial compliance, under the Supreme Court's precedents. The Supreme Court has held that although "substantial compliance with the notice provisions is sufficient, substantial compliance is not the same as, nor a substitute for, non-compliance." *Fairley*, 871 So. 2d at 717 (¶8) (quotation marks omitted). Accordingly, we affirm the judgment of the circuit court.

¶22. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.**