# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00037-SCT

*GREENWOOD LEFLORE HOSPITAL AND JOHN F. LUCAS, III, IN HIS REPRESENTATIVE CAPACITY*

*v.*

*ROXANNE WATSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/26/2019 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| TRIAL COURT ATTORNEYS: | CHYNEE ALLEN BAILEY |
| | TOMMIE GREGORY WILLIAMS, JR |
| | TOMMIE G. WILLIAMS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | HARRIS FREDERICK POWERS, III |
| | TOMMIE GREGORY WILLIAMS, JR |
| | TOMMIE G. WILLIAMS |
| ATTORNEY FOR APPELLEE: | CHYNEE ALLEN BAILEY |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. Roxanne Watson filed two successive lawsuits against Greenwood Leflore Hospital and Dr. John Lucas III (collectively, "GLH"), alleging medical negligence. Watson's first complaint was dismissed without prejudice because a notice of claim was not filed with the chief executive officer of the governmental entity at least ninety days before instituting suit as required by Mississippi Code Section 11-46-11(1) (Rev. 2019) of the Mississippi Tort

Claims Act (MTCA). Watson then refiled the complaint. GLH sought dismissal of the second complaint, contending that Watson was required to provide it with a second notice of claim and that the one-year statute of limitations had expired. The trial court denied GLH's motion to dismiss, and this Court granted an interlocutory appeal. We conclude that Watson satisfied the MTCA's notice requirements, and we affirm the trial court's order denying the motion to dismiss.

## FACTS[1]

¶2. Watson was a patient at GLH on May 22, 2017, when she underwent a surgical procedure on her thyroid performed by Dr. Lucas. Watson filed her initial complaint alleging medical malpractice on June 5, 2018. Before filing the complaint, Watson sent a notice of claim letter to GLH and Dr. Lucas on April 6, 2018, pursuant to Mississippi Code Section 15-1-36(15) (Rev. 2019).[2] The complaint asserted that it was filed pursuant to Mississippi Code Sections 11-1-58 and 15-1-36(15). GLH filed a motion to dismiss Watson's complaint on October 5, 2018, contending that Watson failed to comply with the MTCA's ninety-day waiting period contained in Section 11-46-11(1). Watson's lawsuit was filed sixty days after her notice of claim letter. The trial court granted GLH's motion to dismiss Watson's complaint without prejudice on January 7, 2019.

---

[1] Because of the procedural posture of this case, some facts are drawn from the allegations in the complaint.

[2] It appears that Watson mistakenly relied upon the sixty-day waiting period found in Section 15-1-36(15), the medical-malpractice-notice statute and not the ninety days required by Section 11-46-11(1) of the MTCA.

2

¶3. Watson filed a second, identical complaint on March 14, 2019. GLH, in turn, filed a second motion to dismiss, contending that the second complaint was not in compliance with Section 11-46-11 because it was filed outside of the one-year statute of limitations, and no notice of claim had been filed. The trial court denied the motion to dismiss, and GLH filed a petition for interlocutory appeal, which this Court granted.

## STANDARD OF REVIEW

¶4. "This Court reviews de novo a trial court's grant or denial of a motion to dismiss." *Johnson v. Rao*, 952 So. 2d 151, 154 (Miss. 2007) (citing *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 988 (Miss. 2004)). Additionally, this Court reviews the application of the MTCA de novo. *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (Miss. 2008) (citing *City of Jackson v. Brister*, 838 So. 2d 274, 278 (Miss. 2003)). As a question of law, statutory interpretation is also reviewed under a de novo standard. *Page v. Univ. of S. Miss.*, 878 So. 2d 1003, 1004-05 (Miss. 2004) (citing *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 165 (Miss. 1999)).

## DISCUSSION

1. **Whether Watson was required to provide a second presuit notice before filing her second complaint.**

¶5. GLH argues that Watson was required to file a second notice of claim after the trial court dismissed her first suit before filing a second complaint. Section 11-46-11(1) of the MTCA mandates that a plaintiff must provide a state or local governmental entity with notice of an impending claim at least ninety days before instituting the suit. "The purpose of the Act is to insure that governmental boards, commissioners, and agencies are informed of

claims against them." ***Reaves ex rel. Rouse v. Randall***, 729 So. 2d 1237, 1240 (Miss. 1998).

Verbatim, the statute requires that:

> After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1) (Rev. 2019). The MTCA does not specifically require a plaintiff to file a second notice of claim following the dismissal of the first complaint.

¶6. "This Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the [MTCA]." ***Arceo v. Toliver***, 19 So. 3d 67, 71 (Miss. 2009). "Like the Medical Malpractice Tort Reform Act, the MTCA requires written notice of a claim in advance of the filing of a lawsuit, a requirement which also is strictly applied." ***Id.*** at 72 (citing ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 820-21 (Miss. 2006)).

¶7. But here it is uncontested that Watson provided adequate presuit notice that met the statutory requirements under MTCA before filing her first complaint. The first complaint was dismissed, however, because Watson did not wait the full ninety-day period before filing the first complaint. At issue in this case is whether Watson was required to provide a second notice of claim after her first complaint was dismissed without prejudice. GLH contends that she was. In its brief, GLH relies heavily on ***Arceo v. Tolliver***, 19 So. 3d 67 (Miss. 2009). We find its reliance on ***Tolliver*** to be misplaced.

¶8.    The facts in *Tolliver* are notably different from the facts of this case. In *Tolliver*, the plaintiff failed to provide any notice whatsoever before filing a medical-malpractice and negligence claim against the defendants. *Id.* at 69. Then, on interlocutory appeal following the trial judge's denial of a motion to dismiss the complaint, this Court reversed and ordered Tolliver's complaint dismissed without prejudice for failure to provide presuit notice. *Id.* at 69-70. Tolliver subsequently sent the defendants a presuit-notice letter that did not meet the requirements of Section 15-1-36. *Id.* at 70. GLH takes these sentences from *Tolliver* out of context:

> Nor is there any language in the statute which arguably could be construed to say that notice is not required when filing a second suit after dismissal of a first on the same cause of action. The statute's notice requirement is not limited to the first filed action, but applies to all.

*Tolliver*, 19 So. 3d at 71.

¶9.    The Court was, however, addressing Tolliver's argument that her first lawsuit had satisfied the notice requirement. This Court preceded these statements by saying:

> [T]he statutory requirement of sixty days' written notice before filing a medical negligence suit is mandatory. Quoting *Pitalo v. GPCH-GP, Inc.*, 933 So. 2d 927 (Miss. 2006), we stated that the Mississippi Legislature did not include any exceptions to the rule which would pretermit the written-notice prerequisite. [*Arceo v. Tolliver*, 949 So. 2d 691, 695 (Miss. 2006)] (quoting *Pitalo*, 933 So. 2d at 928-29). In the absence of any exceptions to the mandatory requirement, Tolliver's argument that circumstances dictate when or if written notice is required is without merit.

*Tolliver*, 19 So. 3d at 71. When read in context, it is apparent that this Court's actual holding was that written notice under Section 15-1-36(15) is mandatory and that a lawsuit cannot serve as notice. *Tolliver* therefore found that the plaintiff did not provide adequate notice

because of a lack of substantial compliance regarding the content of the notice. *Id.* at 72. This Court did not hold that a new notice must be sent if the first suit is dismissed.

¶10. In today's case, Watson provided valid presuit notice under both Section 15-1-36(15) and the MTCA. She simply failed to send a second notice after her first lawsuit was dismissed.

¶11. GLH does point to two decisions that follow its interpretation of *Tolliver*. The first is an unpublished memorandum opinion and order from a United States District Court. *See Anderson v. S. Sunflower Co. Hosp.*, Civ. No. 3:18CV254TSL-RHW (S.D. Miss July 3, 2018). The district court in that case, admittedly, does seem to have been persuaded by the surface-level reading of the sentence in *Tolliver* that GLH advances today, but that decision is not binding on this Court. *See id.* at *2. GLH also cites the Court of Appeals' decision in *Mosely v. Baptist Memorial Hospital-Golden Triangle, Inc.*, 232 So. 3d 162 (Miss. Ct. App. 2017). But the question of whether the plaintiff should have filed a second notice was not a contested issue in that case. "At the hearing on the motions to dismiss, Mosely conceded that the second action should be dismissed under *Arceo v. Tolliver*, 949 So. 2d 691, 697-98 (¶16) (Miss. 2006), due to lack of presuit notice, but argued that the dismissal should be without prejudice." *Id.* at 165.

¶12. We take this opportunity to correct a misapprehension of law. Here, Watson delivered a proper notice of claim more than ninety days before filing the second suit. Nowhere does the MTCA (strictly construed or not) require Watson to send a second notice of claim; the statute requires a notice of a claim, not a notice of a complaint. Whether an intervening first

6

complaint was filed is of no consequence. The trial court was correct in finding that GLH's motion to dismiss should be denied on this point.

> **2.** **Whether the ninety-five day tolling period under Section 11-46-11(3) is itself tolled when a complaint is filed before the ninety-five day period.**

¶13. Finally, GLH contends that Watson's second complaint was filed outside the one-year statute of limitations under Section 11-46-11(3)(a), and, as such, the trial court erroneously denied GLH's motion to dismiss. Section 11-46-11(3) of the MTCA mandates that all actions:

> shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, *except* that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the [chief executive officer] receives notice of claim.

Miss. Code Ann. § 11-46-11(3)(a) (Rev. 2019) (emphasis added). Section 11-46-11(3)(b) goes on to state:

> No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an *additional* ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.

Miss. Code Ann. § 11-46-11(3)(b) (Rev. 2019) (emphasis added).

¶14. GLH concedes that Watson's initial complaint operated to toll the one-year statute of limitations. However, it contends that Watson failed to follow the procedures contained in Mississippi Code Section 11-46-11 with respect to the filing of her second complaint, resulting in the second complaint's being time-barred. Specifically, GLH claims that Watson

was not entitled to any tolling of the statute of limitations because she did not send a presuit notice before filing the second complaint. This Court is tasked here with deciding whether the premature filing of a complaint, before the ninety-five day notice toll was up, operates to toll the one year statute of limitations. Looking at the plain language of the statute at issue, we conclude that the trial court was correct. Watson sent GLH a notice of claim, after which the one-year statute of limitations was tolled for ninety-five days. She filed her first complaint sixty days into the tolling period. Thirty-five days of tolling remained that halted until the dismissal of her first complaint. Watson had forty-six days remaining on the original statute of limitations. And pursuant to Section 11-46-11(3)(b), Watson had an additional ninety days to file suit.

¶15. The trial court stated in its order denying GLH's motion to dismiss:

> [W]hen [Watson's] lawsuit was dismissed on January 5, 2019, [she] was placed in the same position she was in, on June 5, 2018, prior to filing the first lawsuit. The general principal in Mississippi is when a complaint is filed and properly served, that complaint tolls the running of the statute of limitations. *Price v. Clark*, 21 So. 3d 509, 521 (Miss. 2009).

We agree with the trial court's analysis: despite Watson's early filing of the initial lawsuit, she remained entitled to benefit from the tolling provisions. Importantly, the second lawsuit was identical to the first in all respects. Watson filed her second complaint within the additional time allotted to her by Section 11-46-11(3)(b).

¶16. We affirm the trial court's denial of GLH's motion to dismiss, and we remand the case for proceedings consistent with this opinion.

¶17. **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, J.**

**COLEMAN, JUSTICE, DISSENTING:**

¶18.    Regardless of the outcome of the first issue, *i.e.*, whether the plaintiff, Roxanne Watson, had to serve notice again following the dismissal of her first complaint, the statute of limitations had run against her claims. Accordingly, and with respect, I dissent.

¶19.    Watson's claim accrued on May 22, 2017, the date of the alleged negligent treatment. Miss. Code Ann. § 11-46-11(3)(a) (Rev. 2019). On April 6, 2018, when Watson served notice on the defendant, forty-six days remained in the limitations period. The forty-six day remainder began running again on January 7, 2019, when the trial court dismissed her initial complaint and expired on February 22, 2019. Accordingly, she filed her second complaint twenty days too late when she filed it on March 14, 2019.

¶20.    The majority reaches a different result by holding not only that filing the initial complaint tolled the running of the one-year statute of limitations but also that the filing of the initial compliant tolled the ninety-five day tolling period applicable to the running of the one-year period established in Mississippi Code Section 11-46-11(3). However, the majority reaches its holding without any citation of authority suggesting that the tolling period itself is tolled along with the statute of limitations.

¶21.    The purpose of requiring notice of a claim and a ninety-day waiting period before filing suit is to allow the governmental entity to take prompt corrective action and settle claims when appropriate. *Lane v. Miss. Dep't of Transp.*, 220 So. 3d 254, 259 (¶ 19) (Miss.

2017). The ninety-five day tolling of the statute of limitations then ensures that, in the event that the prospective defendant does not reply to the notice within ninety days, the plaintiff will have at least five days left to file suit before the statute of limitations expires. Miss. Code Ann. § 11-46-11(3)(a). Neither Watson nor the majority cite any precedent holding the filing of a fatally flawed complaint tolls the ninety-day waiting period that exists for the benefit of the governmental entity and, by extension, the ninety-five day tolling period that goes with it. Without more well-grounded reasons for doing so, I would decline to create that rule here.

¶22. While, as set forth above, I would reverse the judgment on grounds that the one-year limitations period ran before Watson filed her second complaint, I also agree with the majority's refusal to apply *Arceo v. Tolliver*, 19 So. 3d 67 (Miss. 2009), to hold that Watson was required to re-serve presuit notice. However, I agree for a different reason.

¶23. Regarding the question of whether a dismissed complaint may satisfy the statutory notice of claim requirement, the *Arceo* Court wrote, "The statute's notice requirement is not limited to the first filed action, but applies to all." *Id.* at 71 (¶ 14). The *Arceo* Court wrote the above-quoted language in response to the *Arceo* plaintiff's argument that the first filed lawsuit contained enough information to put the defendant on notice of the claims, and, therefore, no further notice was needed before filing a second lawsuit. *Id.* at 71 (¶ 12). The *Arceo* Court rejected the plaintiff's argument because it held that the plain language of the statute required that new notice be given before filing the second complaint. *Id.* at 71 (¶ 14).

¶24. The majority does not follow *Arceo* based on the factual distinction that, in *Arceo*, the plaintiff was arguing that the complaint and other filings from the first, fatally flawed attempt at litigation provided sufficient notice, but that, here, Watson provided sufficient written notice prior to filing her first complaint. Some holdings are, by their plain reading, of broader application than the facts of the specific case that give rise to them. Here is one such holding. The *Arceo* Court's conclusion, that each complaint requires presuit notice, was based on the language of the applicable statute—not the form of the notice the *Arceo* plaintiff argued was sufficient. The majority's holding today, that the statute did not require Watson to serve presuit notice before filing her second complaint contradicts the *Arceo* holding.

¶25. *Arceo*, however, addressed the presuit notice requirement found in Mississippi Code Section 15-1-36(15) (Rev. 2019) applicable to claims for medical negligence. Today's case involves the application of the Mississippi Tort Claims Act's presuit notice requirements. The medical negligence notice requirement provides, in pertinent part, "No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15). By contrast, the Tort Claims Act notice requirement provides as follow:

> After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.

11

Miss. Code Ann. § 11-46-11(1) (Rev. 2019). The latter language does not readily support the *Arceo* Court's conclusion that presuit notice must be served again after the dismissal of a first complaint. In the case *sub judice*, it is undisputed that Watson served presuit notice more than ninety days prior to filing the complaint now at issue. I do not see how the Court can apply *Arceo* to the language of Section 11-46-11(1) as written. Accordingly, I agree with the majority's disposition of the first issue albeit for a different reason.

**GRIFFIS, J., JOINS THIS OPINION.**